SAMUEL FAIRBANKS *versus* MOSES DOW.

D. agreed, in writing, to sell F. his farm for $250, to be paid one third yearly from the date of the writing, with interest annually—it was held, that no action could be maintained against D. for not conveying the land without showing that security for the payment of the purchase money had been tendered to D., and a deed demanded.

ASSUMPSIT on a written contract as follows :—The said Dow agrees to sell to said Fairbanks his farm, in Stratford, for the sum of $250, to be paid one third yearly from this date, with interest annually ; and the said Fairbanks agrees to the same.   The crops on the farm this year to be reserved to the said Dow, and any agreement made by J. S., agent for said Dow, to take care and rent said farm, to be reserved to said Dow and to be fulfilled.

MOSES DOW,
SAMUEL FAIRBANKS.

Haverhill, July 31, 1830."

The cause was tried upon the general issue, at May term, 1833, when it was not disputed that the defendant signed the agreement mentioned in the declaration.

It appeared, that previously to the 31st July, 1830, when the said agreement was made, the defendant had offered to sell the farm to E. H. Mahurin, for $300, and that Mahurin had addressed a letter to the defendant accepting the offer ; and that in the month of August, 1830, the defendant made a deed of the farm to Mahurin, and

sent it to an agent to be delivered. Some dispute, however, arising between Mahurin and the agent, the deed was never delivered, but returned to Dow.

On the 9th August, 1830, Dow wrote the plaintiff as follows :—

Sir,

       After you went from here I found in the post office a letter from Mr. Mahurin, offering me $300 for my land in Stratford. The letter was written about the middle of July, and laid in the post office until after you went from here. I offered to sell the land to Mr. M. for that sum, and he seasonably agreed to give it, but not receiving his letter I concluded he had concluded not to have the land. But as he agreed to give it I consider myself under obligations to him. It places me in rather a bad situation unless you are willing to consider our agreement at an end. Please write me upon the subject soon.

M. DOW.

There was no evidence to show a breach of the contract except as above stated.

A verdict was returned for the plaintiff, which was taken, subject to the opinion of the court upon the foregoing case.

*Bell* and *Stewart*, for the plaintiff.

*Pearson*, for the defendant.

*By the court.* Whether this action could have been maintained, had Mahurin accepted the deed which Dow offered him, it is useless to inquire at this time. The deed was not accepted, and may be laid out of the case.

How stands the case, then ? No time is fixed by the contract, when the defendant was to convey the farm to the plaintiff. No mention is made of any security to be furnished for the payment of the purchase money. If, then, on the one hand, we hold that the plaintiff had a right to demand a conveyance before the payment of the purchase money was completed, we must also hold that the defendant was entitled to demand satisfactory security for the payment of the price of the farm. It would

Fairbanks
v.
Dow.

be neither just nor reasonable to give to the contract a construction which would compel the defendant to convey without any security for the payment of the purchase money.

It is by no means clear, that an action can be maintained on this contract, until the plaintiff has tendered to the defendant a deed to be executed.    6 Cowen, 13, *Fuller* v. *Hubbard* ; Sugden, 163 and 261.

But at all events, we are of opinion that no action can be maintained until security for the payment of the purchase money has been tendered, and a deed of the land demanded.    7 Cowen, 53, *Fuller* v. *Hubbard*.

*Verdict set aside, and judgment for the defendant.*