By the Court, Barbour, J.
The evidence shows that, a few days before the time fixed in the contract for its performance, the plaintiffs sent to the defendant, and requested him to execute, a deed, containing a covenant!, whereby the grantees covenanted and agreed for themselves, their heirs, &c. to and with the grantor, his heirs, and assigns, that the granted premises should be “occupied for a Jewish synagogue, or, first class dwelling houses;” that the defendant struck out the words “ or first class dwelling houses,” and executed such deed, so amended, and on the 2d of May, (being Monday,) tendered and offered to deliver to the same the plaintiffs, and they refused to receive it, upon the ground that the clause in relation to first class dwelling houses had been stricken out, but offered to take it, with that clause reinstated. That was declined by the defendant, and, thereupon, the plaintiffs demanded the return of the $1000. The defendant was not requested to strike out the covenant in regard to the synagogue, nor to execute any deed other than that; which contained the words “or first class dwelling houses,^ and which had been so prepared by the plaintiffs.
The learned justice before Whom, without a jury, the cause was tried, has found, as a fact, that the defendant refused to execute a deed of the premises in accordance with the terms of the agreement; but, upon a careful examination, I am *390 unable to discover sufficient evidence to show that such refusal was made.
. This finding is important, for the plaintiffs were not required ■ by the contract to accept a deed which bound them by a coyenant, running with the land, to occupy the premises for a synagogue only,, thereby rendering themselves liable in an action ■ for damages, in case such covenant should be broken; but they were entitled to a deed in which the provision touching the use of the premises, was incorporated as a declaration or condition merely. (Craig v. Wells, 11 N. Y. Rep. 315. Bower v. Cooper, 2 Hare, 408. Blakesly v. Wliiddon, 1 id. 176.) It is neither necessary nor proper to speculate as to the question whether such condition was more or less valuable than a covenant, in that respect. It is enough that the contract required a conveyance of the land “ to be occupied,” or used, in a certain manner. That, had the deed been so drawn, would have been, at most, a condition entitling the grantor, or his heirs, to a certain remedy in case of breach ; and the defendant had no right to require the plaintiffs to accept such a deed as would have given the grantor a right to another or different remedy.
Nor do I think the drawing of the deed containing a covenant instead of a mere declaration or condition, by the plaintiffs, and their request to the defendant to execute it, was a waiver of their right, or estopped them to demand such a conveyance as was called for by the contract, upon his refusal to execute the deed tendered. They may have - been content to accept a deed containing the provision in relation to the dwelling houses, so as to leave it optional with them to erect a synagogue or dwelling houses, as they should see fit, even though expressed in the form of a covenant, and yet quite unwilling to receive a conveyance containing a covenant on their part to occupy, the premises for a synagogue exclusively. At' best, it was a mere proposition on their part to change the terms of the contract, which was not accepted. If, therefore, the defendant had refused, when properly requested by the plaintiffs, to execute the deed described in the written agree *391 ment, there can be no doubt the latter would have been entitled to a recovery in this action. Assuming, as we do, however, that the finding in this particular was erroneous, there can be no doubt the judgment should have been for the defendant, upon the trial. For the sole objection made by the plaintiffs to the deed tendered by the defendant, was not to the form of the instrument, but to a matter of substance, in that it did not contain a covenant not embraced in the agreement, and which the defendant was not bound to insert, and no demand was made upon him for the execution of the deed called for by the contract, nor, indeed, any deed not containing the covenant as to the dwelling houses. For aught that appears, therefore, the defendant was, at the time fixed by the contract for the delivery of the conveyance, and ever since has been, quite willing to perform the agreement on his part.. Besides, the only offer or tender of payment which is shown by the evidence to have been made by the plaintiffs, was coupled with, and formed a part of, the request to the defendant to execute and deliver a deed containing the covenant in relation to the dwelling houses. No absolute and unconditional offer to pay, or to pay upon the execution of the deed described in the agreement, appears to have been made ; and as the contract was mutual, and the payment and conveyance were to be simultaneous, it follows that, for this reason, the plaintiffs are not entitled to recover. (Swan v. Drury, 22 Pick. 485. Shaw v. Turnpike Co., 2 Penn. R. 454. Howe v. Huntington, 3 Shipley, 350, Fairbanks v. Dorr, 6 N. H. Rep. 266. Warren v. Wheeler, 21 Maine R. 484. Dana v. King, 2 Pick. 155. Hunt v. Livermore, 5 id. 395.)
The judgment should be reversed, and a new trial granted.