CHRISTOPHER VAN DEUZEN, LAYSEL BANCROFT, THE METHODIST EPISCOPAL CHURCH AT FORT EDWARD, AND STEPHEN B. LEE, RESPONDENTS, v. THE TRUSTEES OF THE PRESBYTERIAN CONGREGATION AT FORT EDWARD, APPELLANTS.

*Church organized under General Law can maintain Ejectment.*

The Methodist Episcopal Church of Fort Edward, organized under the General Law, in 1828, and in accordance with the discipline of said church, became a legal corporation, and as such acquired the legal title to lands conveyed to them for the purpose of erecting a house of worship thereon, and as such corporation can maintain ejectment against those who wrongfully enter upon and detain from it said premises.

*James Gibson* for Appellants.
*A. D. Wait* for Respondents.

DAVIES, CH.J.—This was an action of ejectment, and tried by the Court without a jury.

The following facts were found by the Court:

In 1828 there was no house that had been dedicated to religious worship, and no organized Christian denomination of any kind, at the village of Fort Edward, in the County of Washington, and no stated preaching of the gospel nearer than Sandy Hill, about two miles distant. In that year, Rev. Julius Fields, residing at Glen Falls, the minister of the Methodist Episcopal Church in charge of the Glen Falls and Sandy Hill stations—the latter station embracing Fort Edward—did, in conjunction with members of the Methodist Episcopal Church living at Fort Edward and its vicinity, go through with all the necessary steps ·for organizing and incorporating a religious society in Fort Edward, by the name of "The Methodist Episcopal Church of Fort Edward," which was done in conformity with the discipline of the Methodist Episcopal Church of the United States, and pursuant to the statute of the State of New York, in such case made and provided, and said church became then duly incorporated.

That the certificate of proceedings was acknowledged before a Justice of the Peace of Washington County, and was forwarded at that time to the Clerk's office of said county, for the purpose of being recorded therein; that said certificate cannot now be found of record therein; that said original certificate is lost, and cannot now be found.

At the meeting which was duly convened for that purpose in Fort Edward, in December, 1828, William Van Notrick, Harry Forbes, Christopher Van Deuzen, Laysel Bancroft, and Thomas Scoville, communicants of the Methodist Episcopal Church, were elected trustees of said church.

On the 28th of April, 1829, Walter Rogers and his wife duly conveyed to the said Van Notrick, Forbes, Bancroft, Scoville, and Van Deuzen, naming them, trustees of " The Methodist Episcopal Church " of Fort Edward, and their successors in office, parties of the second part, in consideration of seventy-five dollars, the receipt whereof is therein acknowledged, and did grant, bargain, sell, alien, remise, release, convey, assure, enfeoff, and confirm to the said parties of the second part, and to their successors in office, in trust, for the uses and purposes thereinafter named and described, forever, the land described in the complaint, for the purpose of erecting a house or place of worship for the use of the Methodist Episcopal Church; " and in the further trust and confidence that the said church shall at all times enjoy the undisturbed right and privilege on these premises of the preaching of God's holy word, and the administration of the ordinances and the discipline of said church, according to its established usages and customs; with the single pledge and understanding of the second part, that when the said house is not occupied by the said Methodist Church, it shall be opened for the service of any other recognized Christian denomination." The deed granted all the title of the party of the first part to the parties of the second part and their successors in office, for the purpose above named, forever, with covenants of quiet enjoyment, and further assurance and general warranty. The deed was duly acknowledged and recorded in the Clerk's Office of Washington County, November 1, 1831.

Rogers was in possession of the premises at the time of said conveyance, and owned the same in fee. Subsequently, in the years 1829 and 1830, a house of worship was erected on said lot by subscriptions, raised mostly by the adherents and members of the Methodist Church, and partially from adherents of the Presbyterian Church in that vicinity, and some from other persons. The building was constructed by persons styling themselves " the Building Committee of the Methodist Episcopal Church "—and said committee were members and adherents of that church—at a cost of·about $2,500. On its completion it was dedicated as a Methodist Episcopal Church. Upon a stone over the door were engraved the words, " First Methodist Episcopal Church of Fort Edward." From the time of its dedication, in 1830, to May 7, 1859, the trustees of the Methodist society had the charge and care of the building, and during this time one of them, or the sexton of said society, uniformly kept the key of said church. During this time the building was occupied by the Methodists on Sundays, in the forenoon, as their house of worship, and sometimes in the afternoon. Frequently, in the afternoon and evenings, it was occupied by the Presbyterians, and ministers of that denomination settled in the adjoining towns usually officiated at such times; and when so used, application was made to the sexton or trustee of the Methodist Church for the key. There was no organized society of Presbyterians at Fort Edward until the 17th of January, 1854. On the 24th of April, 1854, the said society (the Defendants in this action) became duly incorporated as a religious society, under the name of " The Trustees of the Presbyterian Congregation at Fort Edward." In March, 1853, three of the trustees, claiming to be " trustees of the Methodist Episcopal Church of Fort Edward," made application to the County Court of Washington County, under the statute, to sell the said church and lot upon which it was situated; which sale was ordered, and the proceeds directed to be appropriated to the purchase of a new site, or the erection of a new church in said village, as the trustees should deem advisable. Under and in pursuance of such order, the said trustees, on the 26th May, 1853, executed to the Plaintiff Lee a

deed for said church and church lot, for the consideration of $1,200, paid by said Lee, by conveying a lot for a new site, valued at $600, and $600 in cash, which cash was applied to the materials of the new church. Lee, at the time he took this deed, knew the terms of the Rogers deed aforesaid. After the execution of this deed to Lee, the Methodists continued to occupy this building as a house of worship, paying Lee rent for its use till May 7, 1859, when they commenced occupying their new church edifice, erected in said village, then just completed. This new edifice and its lot were paid for out of the avails of the old one, and by voluntary subscriptions from Methodists and others. From May 7, 1854, until August the same year, Lee kept the custody of the key of the old church, and during that period the property was not used for any purpose. In August, 1854, the Defendants, without the permission of Lee, or of any of the Plaintiffs, broke open the old church on Sunday, and occupied it for religious worship. On Saturday of the following week Lee fastened the church up more securely, and the next day the Defendants again broke it open, and again occupied it for religious worship. They have ever since continued to occupy it for that purpose, and have repaired it and made permanent improvements upon it to the extent of some $1,200, under protest and objection from Lee. Three of the first trustees and grantees in the deed from Rogers and wife were dead in 1854, to wit : Scoville, Forbes, and Van Notrick. The two survivors, Van Deuzen and Bancroft (Plaintiffs in this action), on the 24th of October, 1854, executed to Lee a deed of the old church premises. About the year 1844 a bell was procured, by general subscription among the Methodists, Presbyterians, and others, at an expense of about $400, and placed in this old church. The petition for that purpose was circulated by the minister and officers of the Methodist Church, and the subscriptions therefor were obtained by their procurement and solicitation. Three of the trustees of that church, about the time of the completion of the new church, removed this bell and placed it in the new church, where it still remains.

And as conclusions of law : That the Plaintiff, "The Metho-

dist Episcopal Church of Fort Edward," is a religious corporation, duly incorporated, and was such on the first of May, 1829, and then had, and ever since has had and still has, lawful title to the real estate described in the ·complaint in this action, as owner of said real estate in fee, and was entitled to the possession of the said real estate at the time of the commencement of this action, and still is entitled to the possession of the same. That neither of the other Plaintiffs has a right to recover the same in this action. That the conveyance by Bennet, Eddy, and Bancroft to Lee, under the order of the Court, on the 19th of March, 1853, is insufficient to pass the legal title of said real estate to said Lee. That the equitable title to said real estate is in said Lee, by reason of said proceedings for the sale of the same, and the payment of the purchase-money by him, and he is entitled to a conveyance thereof, in due form, by said Methodist corporation. But the legal title now remains in the said Plaintiff, the Methodist Episcopal Church. That the Defendant has no right, title, or interest, legal or equitable, in the said real estate, or the building thereon, under or by virtue of the deed from Walter Rogers and wife to Christopher Van Deuzen and others, aforesaid (dated 28th April, 1829), or otherwise. That the Defendant entered into the possession of said premises wrongfully and unlawfully, and unjustly withholds the possession thereof from the said Plaintiff, " The MethodistEpiscopalChurch." That the bell referred to in the answer in this action is the property of the said Plaintiff, " The Methodist Episcopal Church ; " and the Defendants have no right, title, or interest therein. That said bell was rightfully removed to the new church, and retained and used therein by said Plaintiff. That the Defendant is not entitled to the relief, or any part thereof, demanded in the answer, or any relief against the said Plaintiffs, or either of them, in this action. That the said Plaintiff, " The Methodist Episcopal Church of Fort Edward," is entitled to judgment in this action against the said Defendant ; that the said Defendant be adjudged to surrender the possession of the said real estate to the said Plaintiff ; and that the said Plaintiff recover of the said Defendant the costs and disbursements of the

said Plaintiff herein; that the complaint be dismissed as to the three plaintiffs, Van Deuzen, Bancroft, and Lee, with costs and disbursements to the Defendant against them, to be adjusted and inserted in the judgment roll.

Judgment was entered accordingly, and on appeal to the General Term the same was affirmed, and the Defendants now appeal to this Court.

The appeal brings up for review the correctness of the judgment rendered in favor of the Plaintiff, " The Methodist Episcopal Church of Fort Edward," against the Defendants. We are not embarrassed by the question discussed in the opinions of the learned judges of the Fourth District when this case was first before them upon the report of a referee, before whom the same had been tried. That referee reported as a fact, that " The Methodist Episcopal Church of Fort Edward " was never incorporated, and never had a legal existence. The Supreme Court held that the evidence did not authorize the referee to find this fact; and that Court reversed the judgment of the referee, and ordered a new trial. Upon the second trial the facts were found by the Court as already detailed.

We have now the fact found that said church, in or about the year 1828, was duly incorporated, pursuant to the statute of the State of New York in such case made and provided.

The Methodist Episcopal Church at Fort Edward was, therefore, a legal corporation, and being such, the grant of the land in dispute, made on the 28th day of April, 1829, by Walter Rogers and his wife, to the then trustees of the said church, for its use, vested the title of the land in that corporation.

1 Rev. Stat. 727, § 47, declares that every person, who, by virtue of any grant, assignment, or devise, now is or, hereafter shall be entitled to the actual possession of lands, and the receipt of the rents and profits thereof, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest.

In Welch v. Allen (21 Wend. 147), the Supreme Court held that in that case, the trust being merely nominal in 1830, when

the Revised Statutes went into operation, it became executed in the cestui que trust, by virtue of the forty-seventh section of the article on uses and trusts (already quoted), and, consequently, the Plaintiff held the legal title, and was entitled to maintain that action.   The head-note to this case is, "Where a trust of lands is wholly nominal, the trust becomes executed by the statute in the cestui que trust, who may maintain ejectment for the recovery of the lands in his own name, without a previous conveyance from the trustee."

To the same effect is the case of Nicoll *v.* Walworth (4 Denio, 385).

Upon the facts found by the referee the Methodist Church corporation have never parted with the legal title to the lands in dispute, so vested in them, and that corporation is, therefore, the proper party to maintain this action.

These views are decisive of this case, and lead to an affirmance of the judgment of the Supreme Court.

All concur.

Affirmed.