Schipper *v.* St. Palais *et al.*

*D. S. Major* and *O. B. Liddell*, for appellant.

*J. Schwartz*, for appellee.

---

## SCHIPPER *v.* ST. PALAIS ET AL.

CONVEYANCE.—*Construction.*—A conveyance of a lot to A., for the use of the Catholic congregation of the city of Aurora, called "St. Mary's," to have and to hold said premises, etc., for the use of said congregation or their assigns forever, conveys an indefeasible title in fee simple.

SAME.—*Estoppel.*—A church building was erected upon a lot thus conveyed, and after the use of the building for years for worship, the building was removed, and the use of the lot for church purposes was abandoned, and while a suit by the grantor was pending to have the deed of conveyance corrected on the ground of mistake in drafting, so as to limit its exclusive use to church purposes, and demanding a forfeiture of the lot to the grantor on account of such abandonment, the grantor took a contract to grade the street in front of said lot, under an ordinance of the city, and made an affidavit to secure the issuing of a precept for the collection of an assessment against the owner of the lot, and in said affidavit alleged that A. was the owner thereof; whereupon A. paid said assessment.

*Held*, that the grantor was not estopped by such affidavit from prosecuting his suit for the recovery of said lot against A.

APPEAL from the Dearborn Circuit Court.

Suit by appellant against Maurice de St. Palais, Bishop of Vincennes, and the Trustees of the Catholic congregation of the city of Aurora.

Complaint in two paragraphs. The first paragraph alleges, in substance, that on the 1st day of April, 1854, the plaintiff was seized of a lot of ground in the city of Aurora, in Dearborn county, containing thirty-five hundredths of an acre,

which is particularly described; that he also owned other real estate, on which he resided, in the immediate vicinity of said lot, and being a member of the Catholic church, he was interested in the erection of a church edifice, for the use of said church, near his residence; and for that purpose he proposed to the Catholic residents of said city that if they would join him in the erection of a church edifice on said lot, he would donate the same to the Catholic society, to be organized "for the exclusive use thereof, the same to be appropriated as the site of such church edifice, forever, and to be used for no other purpose;" that said proposition was accepted by the Catholic residents of said city, who thereupon organized a Catholic society, called "the Catholic congregation or society of St. Mary's;" and by mutual and voluntary donations and contributions, made by the members of said society, a brick edifice was erected on said lot, for the purpose aforesaid, at a cost of five thousand·dollars; "a part of the members of said congregation being Germans, and a part English, it was agreed between them, at the time of the erection of said church edifice, that in case the Catholic population of said city should so increase that said building would be insufficient for their accommodation, and they should divide, then said lot and edifice should be retained by and belong to whichever of said nationalities, German or English, that should contribute the largest amount towards the erection of said edifice;" that said building was completed and dedicated as a Catholic church, about the first of October, 1854, toward the erection of which the plaintiff contributed the sum of one hundred dollars; that from the time of its completion until the first of October, 1863, "it was used and occupied exclusively for religious purposes, and as a school-house for a Catholic school by said congregation;" that on the 22d day of October, 1859, the plaintiff, "by the direction of said congregation, and for the sole purpose of securing the permanent application of said lot to the purposes aforesaid, conveyed the same to said Maurice de St. Palais, Catholic Bishop of Vincennes, in trust

for the use of the Catholic congregation of the city of Aurora, called 'St. Mary's.'" It is further alleged, that in executing said conveyance, it was the intention of the plaintiff to convey said lot " for the sole and exclusive purpose of a site for a church edifice, to be exclusively used for that purpose, and for no other purpose whatever;" and it was so understood and intended by said bishop and said congregation; but that said provision was omitted from said conveyance by inadvertence and mistake; that there was no other consideration for said conveyance than the erection of said edifice as a perpetual place of worship for the Catholics of said city. It is then alleged, that in 1863, said congregation determined to abandon said premises, and change the site for their church edifice to a more central point in said city, and accordingly erected a new church building on another lot, the third of a mile distant from the former one, and tore down the building on the lot so donated by the plaintiff, and used the brick and other materials thereof in the erection of a school-house for the use of said congregation, in the immediate vicinity of the new church edifice. All of which was contrary to the wish and over the protest of the plaintiff.

That said congregation having thus abandoned said lot and the use thereof as a site for a church edifice, the plaintiff took possession thereof on the 1st day of December, 1863, and has ever since so held the same. But that said congregation threaten to disturb his possession, and claim that they are the owners of said lot, under the conveyance thereof to the bishop in trust, as aforesaid, and declared their intention to sell the same and apply the proceeds to the use of said congregation.

It concludes with a prayer that the title and estate conveyed by said deed of trust may be declared forfeited, and that the plaintiff be quieted in the possession of said lot, and that the deed made by him to said Maurice de St. Palais as bishop, in trust for the use of said congregation, may be reformed, and the mistake therein corrected, so as to more clearly express the intention of the parties thereto as herein-

before stated.   A copy of the deed referred to is made a part of the complaint, which, omitting the description of the premises conveyed, is as follows:

"This indenture witnesseth that Bernard Schipper and Catharine Schipper, his wife, of the county of Dearborn, in the State of Indiana, do hereby bargain, sell, and convey to Maurice de St. Palais, of the county of Knox, in the State of Indiana, for the sum of one dollar, and for the further consideration, the affection we have to the Catholic church and Catholic school, do hereby grant, bargain, sell, and convey unto the said Maurice de St. Palais, for the use of the Catholic congregation of the city of Aurora called 'St. Mary's,' it being at present used by the German and English congregations together, but, by an agreement of the members of said church, it is understood that at any time hereafter should the said church get to be too small, this lot to belong to the portion that has contributed the most money toward building said church, forever, the following real estate," etc.   *   *   *   "To have and to hold said premises, with the appurtenances, unto the said Maurice de St. Palais, for the use of said congregation or their assigns forever, and the said Bernard Schipper, for himself and heirs, doth hereby covenant with said Maurice de St. Palais that he is lawfully seized of the premises aforesaid, and that the said premises are free and clear from all incumbrances whatsoever, and that they will forever warrant and defend the same unto the said Maurice de St. Palais, for the use aforesaid, against the lawful claims of all persons whomsoever.   In testimony whereof," etc.

The second paragraph is substantially the same as the first, except that it does not seek to reform the conveyance made by the plaintiff to Maurice de St. Palais for the lot, nor does it allege that any mistake was made in drafting it.

The court sustained a demurrer to the second paragraph, to which the plaintiff excepted.

An answer was then filed to the first paragraph of the complaint, consisting of two paragraphs; the first is a general denial; the second alleges, as an estoppel, the following

state of facts: that since the commencement of this suit, the city of Aurora had, by ordinance, provided for grading Market street in said city; that Schipper, the appellant, became the contractor for grading said street; that an assessment was made on said lot, which fronts on said street, by the engineer of said city, in the name of Maurice de St. Palais, for one hundred and seventeen dollars and fifty cents, for work done under said contract in front of said lot; that an account therefor was made out against said Maurice de St. Palais, with the affidavit of the appellant, the contractor, attached, stating that "Maurice de St. Palais, Bishop of Vincennes, is indebted to him in the sum of one hundred and seventeen dollars and fifty cents, being the amount of assessment due him for the improvement of Market street in front of 'hog's back,' known as the Catholic church lot, which he has refused to pay, and the estimate thereof has been made more than twenty days before the filing of this affidavit, and that the work estimated has been done according to contract," and avers that the parcel of land in controversy is the same land referred to in said affidavit.

It further alleges the issuing of a precept by the mayor to the treasurer of the city for the collection of the assessment by sale of the lot, notice thereof to Maurice de St. Palais, the payment of the assessment by him, and the receipt of the money by the appellant.

To this second paragraph of the answer the appellant demurred, but the court overruled the demurrer; to which ruling the appellant excepted; and upon his refusal to reply further, a final judgment was rendered against him for costs.

ELLIOTT, J.—Two questions are presented by the record in this case. The first arises upon the ruling of the court, in sustaining the demurrer to the second paragraph of the complaint; and the second, upon the overruling of the demurrer to the second paragraph of the answer.

The decision of the first question depends on the proper construction of the language of the deed made by the ap-

pellant to Maurice de St. Palais, in trust, for the lot in controversy. It is insisted on behalf of the appellant that the terms of the deed clearly indicate that the lot was intended to be conveyed, and in fact was conveyed, for the exclusive purpose of a site for a church edifice, and by the abandonment of it for that purpose, the title reverted to the donor. We do not understand the language of the deed as limiting the use to which the property conveyed may be applied. It conveys the lot to Maurice de St. Palais, the bishop, for the use of the Catholic congregation of Aurora, or their assigns, forever. It is an absolute conveyance in fee, in trust, to the use of the congregation named, without any condition or limitation as to the mode of enjoyment, and, therefore, conveys an indefeasible title in fee simple. But it is urged that the demurrer admits the truth of the allegation, that the church edifice was erected under the appellant's proposition to convey the lot to the bishop, for the site of a church edifice, and for no other purpose whatever; and that, as the deed was made after the church was erected, it should be read in connection with the proposition under which the church was built. A demurrer admits whatever is well pleaded, in the pleading demurred to. It is not claimed, in the second paragraph of the complaint, that any mistake was made in drafting the deed, or that it does not clearly express the intention of the appellant at the time of its execution; and, as it was executed after the proposition referred to was made, it must be presumed, in the absence of a proper averment to the contrary, that whatever the grantor may have previously intended, the conveyance properly expresses his intention and purpose at the time of its execution; and we find nothing in the language of the deed limiting the mode in which the property conveyed should be used. We conclude, therefore, that the court did right in sustaining the demurrer.

The matters alleged in the second paragraph of the answer, it is claimed by the appellees' counsel, show a valid defence to the action, by way of estoppel *in pais*.

The doctrine of estoppel *in pais* rests on principles of equity and justice, in the prevention of fraud. A party is concluded from denying the truth of his own acts or admissions which are intended to influence the conduct of another, and do so influence it, when such denial will operate to the injury of, or as a fraud upon, the latter; for, in such case, good conscience and honest dealing require that he should be estopped from making the denial. But the doctrine can have no application where all the facts are equally known to both parties, or where the party setting up the estoppel was not influenced or deceived by the acts or admissions set up. *Fletcher* v. *Holmes*, 25 Ind. 458; *Ridgway* v. *Morrison*, 28 Ind. 201.

Here, the matters alleged occurred during the pendency of the suit. The assessment for the street improvement was a legal lien on the lot, whoever might be the owner, and the lot was liable to be sold for its payment. These facts were known alike to both parties. The appellees knew that the appellant claimed title to the lot, and was then prosecuting the action for its recovery. The condition of the title, and the questions involved in the suit in reference to it, were equally well known to both parties. Under these circumstances, we are unable to discover any ground for the assertion that the appellees were deceived or misled, in paying the assessment, by the acts of the appellant.

We think the second paragraph of the answer presents no valid defence to the action, and that the court erred in overruling the demurrer to it.

Judgment reversed, with costs, and the cause remanded, with directions to the circuit court to sustain the demurrer to the second paragraph of the answer, and for further proceedings.

GREGORY, C. J.—I do not concur in the reversal of the judgment below. The claim for street assessment was made under oath. I do not think that a party who compels pay-

ment by his oath, can afterward be allowed to say that he committed perjury.

DOWNEY, J.—A rehearing was granted in this case, on petition of the appellees, upon the question relating to the sufficiency of the second paragraph of the answer. The case was again submitted to the court. After full consideration, we have come to the same conclusion reached by the majority of our predecessors. The decision, and the reasons for it, are so well stated in the opinion of ELLIOTT, J., that we do not deem it necessary to make any further statement of our opinion.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the second paragraph of the answer, and for further proceedings.

*W. S. Holman,* for appellant.

*F. Schwartz,* for appellees.