BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 10, TOWN
OF GREENBURGH, v. REILLY.

(Supreme Court, Appellate Division, Second Department.   April 18, 1902.)

VENDOR AND PURCHASER—MARKETABLE TITLE.

    Recital in a deed conveying property to trustees of a school district
in fee simple, "to have and to hold the above-granted premises for the
uses and purposes of the school district, upon which to erect a school
house," etc., does not make the title of the school district unmarket-
able, not making the conveyance one in trust, nor operating as a dedi-
cation of the property to the particular use, nor being effective as a
covenant or condition, nor qualifying the duration of the estate as a
limitation on the time of enjoyment, but being a mere recital of the
purposes for which the trustees bought the land.

Submission of controversy by the board of education of union free
school district No. 10, town of Greenburgh, against James Reilly.
Judgment for plaintiff.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

David Verplanck, for plaintiff.

Robert E. Farley, for defendant.

HIRSCHBERG, J.   The submission presents the question of the
marketable quality of the plaintiff's title to certain real estate which
the defendant has agreed to buy.   The real estate was conveyed on
the 31st day of August, 1868, by James Robb and wife, for the ex-
pressed consideration of $625, to the trustees of school district No.
10 of the town of Greenburgh, Westchester county.   The trustees
had authority to purchase a site for the district school house by vir-
tue of subdivision 5, § 49, art. 6, tit. 7, of the act to revise and con-
solidate the general acts relating to public instruction (chapter 555,
Laws 1864).   The deed of the property is a full covenant warranty
deed, conveying the real estate in fee simple to the trustees and their
"successors and assigns"; but the habendum clause is as follows:

"To have and to hold the above granted, bargained, and described prem-
ises, with the appurtenances, unto the said parties of the second part, their
successors and assigns, for the uses and purposes of school district No. 10,
of the said town of Greenburgh, upon which to erect a school house and
other appurtenances for said school district No. 10, in said town of Green-
burgh, forever."

The plaintiff is the present board of education of the union free
school in district No. 10, and the title to the property is vested in it,
with authority, if authorized by vote of the school district, to sell
the real estate and to apply the money arising from such sale to the
use and benefit of the district.   See the act to revise, amend, and con-
solidate the general acts relating to public instruction.   Laws 1894,
c. 556, tit. 8, art. 4, § 15, subds. 6, 8, 9.   The real estate in question
has been used for school purposes since its acquisition.   A new school
site has recently been acquired, upon which a new school house is
being erected, and the qualified voters of the district, by resolution,
recently authorized the plaintiff to sell the land so acquired from
Robb.   The defendant bought it, but refuses to accept and pay for

it, on the ground that the language of the habendum clause of the deed to the trustees constitutes a defect in the title which renders it unmarketable.

The defendant's brief is not very clear in its expression of the nature of the assumed defect. The claim is made that the deed is either in trust or operates by way of a dedication of the property to a public use, or the clause in question is effective as a covenant or as a condition, or qualifies the duration of the estate as a limitation upon the time of enjoyment. It is unnecessary to refer in detail to the many cases cited. Having examined them, the conclusion is reached that the clause is none of these things, but a mere recital of the purpose for which the trustees bought the property, viz., that they bought it for the use of the school district, so that a school could be built on it, and not for themselves. It was not a dedication by the grantors; it was a sale; and, as was said by the court in Flack v. Village of Green Island, 122 N. Y. 107, 113, 25 N. E. 267, 268, "dedication is essentially of the nature of a gift." The deed contains no covenant on the part of the grantees to the effect that they will not use or permit the property to be used for other than school purposes; nor did they join in the execution of the instrument. There is no provision for a forfeiture, and no right of re-entry reserved. There is no restriction suggested upon the right of the grantees to sell the property away from the school district, while the right to make such sale is expressly contemplated by frequent allusions to the "assigns" of the grantees. There is no covenant that the property will not be used for other than school purposes, and no suggestion that the grantors, as owners of adjoining or neighboring property, or otherwise, have any interest in the exaction of such a restriction. There are no words excluding any other use of the property than that of a school purpose, while the right to convey is essentially in conflict with such exclusion. It was held in Craig v. Wells, 11 N. Y. 315, that conditions in grants are not favored in law, and hence must be clearly expressed. The court said (page 320):

"It is true that no precise form of words is necessary to create them [conditions]. The words 'upon condition,' 'provided,' 'and if,' 'so that,' or other equivalent words, will be sufficient. But there must be some words, which, ex vi termini, import that the vesting or continuance of the estate is to depend upon the supposed condition."

In that case the deed contained a clause prohibiting the grantee from the use of the waters of the Walkill except for certain purposes, and as to the claim of implied covenant the court said (page 322):

"It is a mere limitation of the use which the grantee shall make of the thing granted,—a naked prohibition. No right to the use of the water is saved to the grantor. This prohibition is inconsistent with the title conveyed by the deed, and is clearly void. If one conveys land in fee simple, and neither excepts any part nor reserves anything to himself out of it, but restricts the grantee to a particular use of the land, this restriction is void, as repugnant to the proprietary rights of an owner in fee. Such a restriction may be imposed and would be good as a condition or a covenant, but in no other form. This is a parallel case. It has been already shown that the prohibition in this case does not amount to a condition. It is, I apprehend, equally clear that it cannot be construed to be a covenant. There are no words which, upon any construction, can be held to import a covenant. It

is true, the law will sometimes imply a covenant, where none is expressed. for the purpose of giving effect to the intent of the parties. But the plaintiffs here claim that the prohibition in question was inserted, for the benefit, not of the grantor, but of Gabriel N. Phillips, the ancestor. The court then is called upon to imply a covenant in favor of a person not a party to the deed. There is, I apprehend, no precedent for such an implication."

If the language contained in the habendum clause in the deed herein must be regarded as a restriction upon the uses to which the property should be put in the hands of the grantee, it would, of course, not be necessarily repugnant to the grant, or void. The parties might lawfully contract for a sale of property under a contract restricting its use by the grantee and his heirs and assigns, so long as such restriction was used in absolute hostility to the estate created. But the question in such cases is always one of intention. Here there are no circumstances disclosed, either in the document itself or in the situation of the parties, indicating an intention to restrict the use of the property by the force of a binding covenant. If it was the intention of the parties that the property should always be held by the grantees and their successors for school purposes only, the intention could easily have been manifested by apt words expressing that limitation of the use, but surely the court cannot import them into the deed, to the detriment of the purchaser or the diminution of his title. In Abbott v. Curran, 98 N. Y. 665, where lands were granted by the state and it was recited in the deed that the grant was made for commercial purposes only, and for the benefit of commerce, it was held (page 668) that "this language in the grant did not impose either a condition precedent or subsequent, or any restriction upon the absolute title. Craig v. Wells, 11 N. Y. 315; Hill v. Priestly, 52 N. Y. 635; Woodworth v. Payne, 74 N. Y. 196, 30 Am. Rep. 298."

The plaintiff should have judgment in accordance with the terms of the submission, but without costs. All concur.