FREER et al. v. GLEN SPRINGS SANITARIUM CO. et al.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

1. DEEDS (§ 145*)—CONSTRUCTION—CONDITIONS SUBSEQUENT.
     Where a provision of a deed can, without violence to its terms, be construed as a covenant, such construction will be adopted, rather than one treating it as a condition subsequent, by which the grantor can again obtain the property.
     [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 471; Dec. Dig. § 145.*]

2. DEEDS (§ 155*)—CONDITIONS SUBSEQUENT—CEMETERY PURPOSES.
     Land was conveyed to a village under an agreement between the grantor and a third person whereby the latter paid the grantor one-half the value of the land on the promise of said grantor to donate to the village an equal amount by conveying the entire tract to the village for cemetery

purposes.  The deed recited that the land was granted in perpetuity for a village cemetery, to be used for burial purposes only; and the habendum provided that it should be held on the conditions expressed, and that the village should devote the land to cemetery purposes forever, and that it accepted the same for such purpose and covenanted to observe the condition.  There was no provision for re-entry in the event of breach.  *Held*, that the requirement that the land be used for cemetery purposes was not a condition subsequent, the breach of which would work a forfeiture.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 155.*]

Appeal from Special Term, Schuyler County.

Ejectment by George G. Freer and another against the Glen Springs Sanitarium Company and others.  Judgment for defendants, and plaintiffs appeal.  Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Irving W. Cole, for appellants.

C. W. Woodward and O. P. Hurd, for respondents.

JOHN M. KELLOGG, J.  The plaintiffs, two of the three heirs at law of George W. Freer, bring this action of ejectment to recover about 1¹/₁₀ acres of land, being a part of a parcel containing about 20 acres which was conveyed by said Freer and wife to the village of Watkins April 14, 1866, upon the ground of a failure to perform an alleged condition subsequent contained in said conveyance.  It is clear that the premises were conveyed to the village for cemetery purposes and that the 1¹/₁₀ acres have been conveyed by the village to the Glen Springs Sanitarium Company, and used and occupied by it as a part of its park, surrounding its sanitarium buildings.  The trial court held there was no condition subsequent contained in the deed, and that the plaintiffs had no title to the property in question.

The circumstances under which the deed was executed to the village are recited in the deed itself, which, after naming the parties, recites:

"That whereas, said George G. Freer and John Magee, of Watkins, N. Y., heretofore and on or about the 6th day of August, 1864, entered into an agreement whereby said John Magee promised to pay George G. Freer, as a donation to said village of Watkins, one thousand one hundred dollars, estimated to be one-half the value of certain premises hereinafter described and hereby intended to be conveyed, which were in said agreement proposed to be granted to the said village of Watkins for cemetery purposes, and said Freer, in consideration of said promise of said John Magee, promised to donate to said village of Watkins an equal amount by conveying said premises free of charge and for a nominal consideration to the said village of Watkins as grounds for a village cemetery; and whereas, said John Magee has paid to said George G. Freer the said amount of one thousand and one hundred dollars in accordance with the said promise: Now, therefore, the parties of the first part, in fulfillment of the agreement hereinbefore mentioned, and in consideration of the premises and the sum of one dollar to them paid, have sold and by these presents do grant and convey to the said party of the second part in perpetuity for the purpose of a village cemetery for said village of Watkins," the property described.

It thus appears that the grantor in the deed received $1,100 as the consideration therefor, and he was deemed as contributing an equal amount to the village by the transfer of this property free of charge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The agreement fails to recite any understanding that the property in any event was to return to the donors, or, if for any reason the grant failed, what was to be the position of Magee with reference to the $1,100 which he had paid. It was obviously never intended by any one that for an alleged breach of a condition subsequent Freer could again become the owner of the land for which Magee had paid him $1,100 on account of the village. The agreement recited shows that the property was to be conveyed for cemetery purposes; but there is an entire absence of any provision which implies that any condition subsequent is to be introduced in the deed. If the terms of the agreement only had been placed in the deed, it is evident that Freer and his heirs could not recover the property in case it was used for other than cemetery purposes. Apparently, from the agreement itself, Freer and Magee had each divested themselves forever of the $1,100 which they contributed to the cemetery lot, and the village became the owner of it free of charge, except the understanding that it took it for a village cemetery.

The following clauses in the deed, under other conditions, might tend somewhat to suggest that a condition subsequent was intended: We have already quoted the provision in the grant itself:

"In perpetuity for the purpose of a village cemetery."

"And it is hereby mutually understood and agreed that the above-described reservation shall be used for burial or cemetery purposes only; but the party of the second part may, notwithstanding this restriction, appropriate and dedicate" a certain part for a soldiers' monument.

And in the habendum clause:

"To hold the said land and premises to the said party of the second part in perpetuity, for the purposes and upon the conditions herein expressed, and to the successors in office of said trustees as representatives of the said party of the second part."

"And the said party of the second part are hereby directed and required as a condition of this conveyance to devote said premises thus conveyed to the purposes of a cemetery or place for the burial of the dead, and to no other purpose (except as herein provided for a soldiers' monument), forever, and in furtherance of that object to sell the same in parcels for burial lots, in their discretion, at such reasonable rates as they may deem expedient, and for the accommodation of all, and to expend the entire proceeds of such sales in laying out, fencing, and improving said premises and cemetery."

"And said party of the second part, by the trustees of the village of Watkins and their successors in office, on behalf of said village of Watkins, hereby accept the above grant for the purposes herein stated, and by such acceptance hereby agree and covenant, in consideration of the premises, that said party of the second part, by its trustees and successors as aforesaid, will faithfully observe and carry out, according to the true intent and meaning hereof, each and every of the aforesaid requirements, conditions, and directions subject to which this conveyance is given."

The deed is signed by the grantor and his wife and the trustees of the village under the seal thereof.

These different provisions in the deed must, however, be construed with reference to all of its other provisions and the act which was being done by Freer and Magee as recited in their agreement. If a condition subsequent was intended to be created, a provision for re-entry in case of breach would have made the meaning plain. The

absence of such a provision leaves the court to gather from the instrument itself what was the intention and understanding of the parties, and what is therefore the true construction of the deed. Forfeitures are not favored, and where the terms of a deed, without violence, can be construed as a covenant, such construction will be adopted, rather than the one treating it as a condition subsequent, by which the grantor can again obtain the granted property.

We find here four circumstances which indicate that a condition subsequent was not within the intention of any of the parties. (1) The terms of the agreement between Magee and Freer. (2) The grantors received a substantial cash consideration for the deed. The village took the property, not as donee from Freer, but as a purchaser. The consideration was present, and did not rest in the future. If the grantor can use the covenants in the deed as a condition subsequent, he can thereby obtain the land and one-half of the full value in addition thereto. The village loses the land, and also the donation from Magee. There is no provision in the deed itself, or in the agreement between Freer and Magee, by which Magee in any event could benefit by the breach of an alleged condition subsequent. (3) The absence of any provision for re-entry. (4) The right of the village to sell burial lots is inconsistent with the idea that by fault of the village in the future the grantee of a family burial lot may lose it and his improvements thereon.

It is not necessary to discuss what particular remedy may be proper to require the observance of the covenants contained in the deed. We are only concerned here with the question whether the plaintiffs own the property and can maintain ejectment therefor. The trial court properly held that there was no condition subsequent in the deed, and that the plaintiffs had no title to the property in question.

The judgment should therefore be affirmed, with costs. All concur.