ALLARD ANTHONY VAN DE BOGERT and Others, Plaintiffs, *v.* THE REFORMED DUTCH CHURCH OF POUGHKEEPSIE and Others, Defendants.*

Supreme Court, Dutchess County, May 24, 1926.

Deeds — condition subsequent — action for ejectment on ground that deed given in 1718 was on condition subsequent and that condition has been broken — deed granted certain land in Poughkeepsie to four persons, their heirs and assigns forever — habendum clause recited that grantees were to have and to hold premises for purpose of building meeting house of Reformed Dutch church — at time of deed, church was not incorporated and could not hold property — church was subsequently incorporated and property passed to it by statute of incorporation — said property was not granted on condition subsequent — complaint does not state cause of action in ejectment — conveyance was valid trust for religious use.

This action for ejectment on the theory that the plaintiffs' ancestor in 1718 made a grant of the land in question to four persons on a condition subsequent, which has been broken, must be dismissed where it appears that the grant was made to the aforesaid persons, their heirs and assigns forever, to have and to hold the premises granted for the proper and only use and benefit of the inhabitants of Poughkeepsie to build and maintain a meeting house for a Reformed Dutch

---

* Aff'd., 219 App. Div. 220.

church and to provide for a burial place, and contains no words which would in any way indicate that it was the intention of the grantor that the title should revert if at any time the property should cease to be directly used for church or burial purposes, particularly where the habendum clause recites that the grantees were to have and to hold the premises for the purposes aforesaid. Such purposes could be effectuated by the building of a church or location of a burial ground in another locality from the sale or leasing of the premises conveyed.

The deed itself contained no terms of condition, but purports to grant the entire property in fee for the use of the church, which at the time of the deed was unincorporated and could not hold the property. But when the church became incorporated, the property passed to it by the act of incorporation in fulfillment of the trust imposed by the grantor.

Since the property was not granted on condition subsequent, the plaintiffs have not shown any title by reason of a violation of the alleged condition, in that the church has ceased to maintain the property for religious worship and place of burial.

The conveyance constituted a valid trust for a religious use, and the plaintiffs' remedy, if any, is an action to enforce the trust.

Motions by plaintiffs and certain defendants for judgment on the pleadings.

*Morris D. Kopple,* for the plaintiffs.

*W. E. Hoysradt,* for the defendant The Reformed Dutch Church of Poughkeepsie.

*Aldrich, Morschauser & Haas,* for the defendants Louis G. Kustas and others.

*Stroock & Stroock,* for the defendant United Cigar Stores Company.

Seeger, J.   This is a motion for judgment on the pleadings in an action for ejectment, brought by the alleged heirs of one Jacobus Van de Bogert to evict the defendants from a certain parcel of land located in the city of Poughkeepsie, N. Y., which the defendants claim legal title to or occupy as tenants.

This land was granted by the aforesaid Jacobus Van de Bogert in or about the year 1718 to four persons by deed the pertinent parts of which read as follows:

" Have given, granted, bargained, sold * * * unto the said * * * their heirs and assigns forever, a certain lot of land * * * for the proper and only use benefitt and behoof of the inhabatance and naberhod of poughkeepsing of said to Bild and Maintaen a proper Mietinghous to worship the one and only God acording to the Rules and Methodes as it is agr'ed and concluded by the Nationael at Dordreght in the Year 1618 and 1619 and that in the Neder Dutch Lingo and manner as it is now used by the Clarsles and Church of Amsterdam with the benefit

of the Mietenhous yard for a Buriall place of Christian Corps to the same belonging with all the benefitts and behoofs forever * * * and that the Sd. * * * there heirs and assigns shall and may from time to time and at all times for ever heirafter for the use aforesaid * * *."

The plaintiffs claim that there is not now built and maintained upon said premises any meeting house to worship God or any bur'al place of the kind mentioned 'n the deed aforesaid, and that the failure or omission to build and maintain such meeting house and burial place has continued for a long t'me prior to the commencement of this action and still continues, and that by reason thereof, the aforesaid conditions in the deed and conveyance in question, and upon which conditions said deed and conveyance was made, have been heretofore and now continue to be broken and disregarded and that plaintiffs assert their right of re-entry upon said premises by reason of said alleged breach of condition, and that by reason thereof plaintiffs claim to be entitled to the possession of the said premises, and have demanded of the defendants that they surrender possession thereof to the plaintiffs but the defendants have refused to do so and wrongfully withhold possession thereof from the plaintiffs, and plaintiffs demand judgment for the possession of the premises and for damages for withholding the same.

The plaintiffs contend that the deed aforesaid contains a condition subsequent for the breach of which the grantor, or h's heirs at law, could at any time assert a right of re-entry for condition broken and, therefore, the possibility of reverter arising out of the condition subsequent would become ripened into an estate in land; and plaintiffs cite the case of *Upington* v. *Corrigan* (151 N. Y. 143) as authority for such proposition. An examination of that case discloses that the deed therein construed conveyed the property to the party of the second part expressly upon the conditions following, to wit: " That said party of the second part shall consecrate, or cause to be consecrated, the said property for the purpose of erecting a church building, and shall, within a reasonable time, erect, or cause to be erected, such building."

There was in addition in the conveyance a reservation by the grantor of sufficient place of interment for her deceased husband, her family and herself in the ground under the church building or outside thereof, with the right to erect a tablet or monument. This made the performance of the condition by the grantee of particular importance to the grantor and her heirs. The language used in the deed in the case at bar is entirely different. It does not state that the land is conveyed upon condition that a church be built

upon the land conveyed, but that it is " for the proper and only use benefitt and behoof of the inhabatance and naberhod  *  *  *  to Bild and Maintaen a proper Mietinghous to worship  *  *  * God." It does not state where the meeting house shall be built. Why could it not be built upon other lands with the proceeds of the sale or leasing of the lands conveyed, without violating the terms of the deed if the income of the granted premises was used for such purpose?

There are no words contained in the deed that in any way indicate that it was the intention of the grantor that the title should revert if at any time the property should cease to be directly used for church or burial purposes. On the contrary, in the latter part of the habendum clause we find the words following: " and that the Sd. (grantees) there heirs and assigns shall and may from time to time and at all times for ever heirafter for the use aforesaid." Such purpose could be effectuated by the building of a church and burial ground in another locality, and by the use of the proceeds of the sale or leasing of the premises conveyed for the purchase or maintenance thereof.

The interpretation of this deed is governed by the common law, for at the date of the deed, the year 1716, New York was an English Colony. (18 C. J. " Deeds," 251.) The common-law cases quite generally treated such conveyances as trusts, especially in cases where it was determined that such construction would more nearly accomplish the purpose of the grant. (*Wright* v. *Wilkin*, 31 L. J. Q. B. 196; *Stuart* v. *Easton*, 170 U. S. 383; *Stanley* v. *Colt*, 5 Wall. 119.)

The language used in this deed does not indicate that any condition subsequent was intended.

The granting clause contains this language: " Have givein granted Bargained Sould alineated Convaied & confirmed and by these presents Do freely fully and *absolutely* give grant bargain sell alline convey and Confirm unto the Said (grantees) their heirs and assigns forever."

The word " absolutely " is contrary to the idea of a " condition." It means " unconditional," " unlimited," " loosed from any limitation or condition," " without any condition or encumbrance." (1 C. J. 360, 361; *Falconer* v. *B. & J. R. R. Co.*, 69 N. Y. 491, 498; Real Prop. Law, § 31; *Converse* v. *Kellogg*, 7 Barb. 590, 597; *Williams* v. *Lande*, 74 Hun, 425; *Reitz* v. *Reitz*, 80 N. Y. 538, 544; Webster's Dictionary; Gerard Titles [5th ed.], 124.)

The language of the granting clause above quoted, as well as the words " in concederation of Divers good Causes and Valuable Considerations," tends to the conclusion that the grant was not a

gift, but that the grantor had been paid value for the property conveyed.

The conveyance being to individuals for the use of the inhabitants of Poughkeepsie, implies a trust for such inhabitants which is contrary to the idea of a condition for the breach of which the property should revert.

Real property may be conveyed for charitable uses and purposes, for the benefit of uncertain classes or portions of the public; a court of equity will enforce the trust and such trust may be perpetual. (3 Pom. Eq. Juris. [4th ed.] §§ 1018, 1021; 2 Perry Trusts [6th ed.], §§ 687, 701.) Gifts for religious purposes are charitable. (1 Reeves Real Prop. § 340.) Donations and grants may be legally made to trustees for the use and benefit of an unincorporated religious society. (*Baxter* v. *McDonnell,* 155 N. Y. 83, 93.)

A case quite similar to the case at bar was *Reformed Protestant Dutch Church* v. *Mott* (7 Paige, 77). In that case in 1691 one Bayard conveyed certain premises in the city of New York to three persons in fee, for the purpose of having a church or suitable building erected thereon for the common use of the ministers, elders and deacons of the Low Dutch Church, which were then, or at any time thereafter should be within the city of New York, professing the canons of the National Synod of Dort, as well for the public and solemn worship of God, as the exhortation and instruction of the people of that church in and to true religion and virtue. The conveyance was declared to be in trust, that the grantees and their heirs and assigns should keep, enjoy, possess and hold the lot and premises thereby conveyed to and for the general use of the ministers, elders and deacons of such Low Dutch Church and their successors and to no other use whatever.

The case was an action for specific performance by the church to compel a purchaser to take a conveyance.

The court held that the deed was unquestionably a valid conveyance to a charitable or pious use at the common law, and vested the legal title in the trustees, absolutely and irrevocably, to and for the secondary use therein declared; that the Legislature had the power to transfer the legal title from the trustees to the beneficiaries after the latter were incorporated, and that the church had the power to sell the property and that no violation of the trust upon which the property was conveyed could have the effect to reinvest either the legal or equitable title to the property in the heirs of the original grantor. A similar case was *Reformed Dutch Church* v. *Veeder* (4 Wend. 44). The following cases are to the same effect: *Associate Alumni* v. *General Theological Seminary* (163 N. Y. 417); *Norton* v. *Valentine* (151 App. Div. 392).

Under the general act providing for the incorporation of religious corporations, a religious corporation when organized under the statute succeeds by virtue of the statute without formal conveyance to the property of the society and to all property held for its use, and is thereupon vested with the legal title. (*Reformed Church v. Schoolcraft*, 65 N. Y. 134; *Robertson v. Bullions*, 11 id. 243, 267; *First Baptist Church v. Witherell*, 3 Paige, 296; 34 Cyc. " Religious Societies," 1157, citing numerous New York cases; *Van Deuzen v. Presbyterian Congregation*, 3 Keyes, 550.)

Conditions subsequent are not favored by the law, and a construction to that effect will not be adopted, when it will admit of any other reasonable construction. Such conditions must be clearly expressed, and if it is doubtful whether a clause is a condition or otherwise, the courts will construe it, if possible, so as to avoid a forfeiture. (18 C. J. " Deeds," 355; *Graves v. Deterling*, 120 N. Y. 447; *Craig v. Wells*, 11 id. 315; *Lyon v. Hersey*, 103 id. 264; 8 R. C. L. " Deeds," 1110.)

Where there is no express provision in the conveyance for a forfeiture or re-entry, the omission is a significant fact which the courts regard as of great importance in the construction of the grant. (*Graves v. Deterling, supra*, 457; *Lyon v. Hersey, supra*, 270; *Post v. Weil*, 115 N. Y. 361, 371.)

Even the use of apt words to create a condition subsequent will not have such effect where the whole instrument shows a contrary intent. Even the use of the word " condition " or similar language is not controlling. (18 C. J. " Deeds," 355, 356; *Post v. Weil, supra; Avery v. N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 142.)

A devise or grant of lands to trustees for a benevolent or charitable use does not create a conditional estate, and in the absence of an express condition it is not liable to be defeated by either non-user or alienation. (*De Veaux College v. Highlands Land Co.*, 63 App. Div. 461, 467; *Matter of Sellers M. E. Church*, 139 Penn. St. 61; 6 Cyc. " Charities," 953.)

A mere statement in a deed of the purpose of the conveyance or a clause limiting the use to be made of the premises conveyed, creates neither a covenant nor a condition, and the non-fulfilment of the purpose or a violation of the restriction will not of itself defeat the estate granted. (*Rawson v. Inhabitants*, 7 Allen, 125; *Board of Education v. Reilly*, 71 App. Div. 468; *Abbott v. Curran*, 98 N. Y. 665; *Freer v. Glen Springs Sanitarium Co.*, 131 App. Div. 352; affd., 198 N. Y. 575; 11 C. J. " Charities," 349; 8 R. C. L. " Deeds," 1104.)

There are many similar cases in other jurisdictions. (*Matter of Sellers M. E. Church, supra; Pennoyer v. Wadhams*, 20 Oreg. 274;

*Greene* v. *O'Connor,* 18 R. I. 56; *Packard* v. *Ames,* 16 Gray, 327; *Nelly* v. *Hoskins,* 84 Me. 386; *Griffitts* v. *Cope,* 17 Penn. St. 96; *Brendle* v. *German Reformed Congregation of Jackson Township,* 33 id. 415; *Strong* v. *Doty,* 32 Wis. 381; *Brown* v. *Caldwell,* 23 W. Va. 187; *Farnham* v. *Thompson,* 34 Minn. 330; *Schipper* v. *St. Palais,* 37 Ind. 505; *Kilpatrick* v. *Mayor,* 81 Md. 179; *Mills* v. *Davison,* 54 N. J. Eq. 659.)

*Mills* v. *Davison (supra)* was cited in *Associate Alumni* v. *General Theological Seminary* (163 N. Y. 417, 422), in which the same principle was applied to a fund given to the defendant for certain purposes in trust. (*Ashuelot National Bank* v. *Keene,* 74 N. H. 148; 65 Atl. 826; *Sohier* v. *Trinity Church,* 109 Mass. 1; *Harris* v. *Shaw,* 13 Ill. 456; *Sumner* v. *Darnell,* 128 Ind. 38; *Warren County* v. *Patterson,* 56 Ill. 111; *Garfield Township* v. *Herman,* 66 Kans. 256; *Stuart* v. *Easton,* 170 U. S. 383.)

The great weight of authority is with the contention of the defendants that the conveyance of 1718 constituted a valid trust for a religious or pious use and that the legal title to the real estate vested in the grantees and the equitable title in the religious society, and that upon the incorporation of the Reformed Dutch Church of Poughkeepsie in 1789, under the statutes of 1784 and 1788, supplemented by the statute of 1801,* the legal title of the trustees was immediately divested from them and vested in the defendant corporation which thereupon stood seized in fee for all purposes with the entire estate, and that the interest of the donor is permanently excluded. And that if the manner in which the property is being used is contrary to the terms of the deed, and that the church corporation must erect a church building upon the premises, instead of maintaining one elsewhere with the income derived from the building, the only remedy is by an action to enforce the trust. (*Reformed Protestant Dutch Church* v. *Mott, supra; Associate Alumni* v. *General Theological Seminary, supra; Mills* v. *Davison, supra; Stewart* v. *Franchetti,* 167 App. Div. 541; *Vidal* v. *Girard's Executors,* 2 How. [U. S.] 127; *Matter of Sellers M. E. Church, supra;* 2 Perry Trusts [5th ed.], § 744.)

The plaintiffs' motion for judgment on the pleadings must, therefore, be denied, and the motions of the several defendants for such judgment granted, with taxable costs to all moving defendants.

* See Laws of 1784, chap. 18; Laws of 1788, chap. 61; R. A. of 1801, chap. 79; 1 K. & R. 336, chap. 79; Reprint Laws of 1801, chap. 79.— [REP.