Selden, J.
 

 It is insisted, on the part of the plaintiffs, that the deeds from Moses Phillips to his two sons, Gabriel N. and William, and the mutual bonds of the latter, having all been executed at the same time, and designed to carry out a specific object, should all be construed together, as parts of a single transaction. But the rule, by virtue of which separate written instruments, bearing the same date and relating to the same subject matter, are sometimes united, and construed as a single instru
 
 *312
 
 ment, has never been, and cannot with propriety be, extended to such a case. It is not sufficient that the date of the instruments and the subject matter are the same. There must also, for obvious reasons, be an identity of parties. This is in accordance with the rule as laid down in the cases. In
 
 Cornell
 
 v.
 
 Todd, (2 Denio,
 
 130,) Judge Bronson says, It is undoubtedly true, that several deeds or other writings, executed
 
 between the same parties,
 
 at the same time, and relating to the same subject matter, and so constituting parts of one transaction, should be read and construed together, as forming parts of one assurance or agreement.” In that case, although the parties to the deeds were the same, and they bore date on the same day, the court refused to construe them as one instrument, merely because they conveyed different parcels of land. -,The reasons against uniting the instruments, in this case, are much stronger than in that. The fact that the parties are different is an insuperable objection. As the provisions of all the instruments where the rule is adopted, are to be incorporated into one, of course, only those who have executed
 
 all
 
 the parts, can be held to have executed the complex whole. ,
 

 The deed, therefore, from Moses Phillips to his son William, upon which the questions in this case arise, is to he construed by itself: although the circumstances under which it was executed, and among them the simultaneous execution of the other deed and bonds, may no doubt be resorted to, for the purpose of aiding in its construction, so far as there, may seem to be any thing equivocal in its provisions.
 

 What then is the nature of the clause in that deed which contains the exception or prohibition relied upon by the plaintiffs ; and-what is its legal force and effect? It is clear that the clause does not create a condition. Conditions are not favored by the
 
 law;
 
 and hence they must be clearly expressed. It is true, that no precise form of words is necessary to create them. The words,
 
 upon condition; provided; and if; so that;
 
 or other equivalent words, will be sufficient. But there must be, some words, which,
 
 ex vi termini,
 
 import that the vesting or continu
 
 *313
 
 ance of the estate is to depend upon the supposed condition. There are, in this case, no words which can receive such a construction, or which in the most remote degree indicate such an intent.
 

 Unless, therefore, the clause in question is obligatory upon the grantee as a covenant, which I will consider hereafter, it must have force and effect, if at all, as an exception or reservation. Although these terms are frequently used as substantially synonymous, yet they are in reality different; and some notice of the distinction between them is essential to a- clear analysis of the present case. Perhaps the difference cannot be better stated than in the words of Shepard. He says:
 
 “
 
 A reservation is a clause in a deed, whereby the grantor doth reserve some
 
 new thing
 
 to himself out of that which he granted before. This doth differ from an exception, which is ever part of the thing granted, and of a thing in esse at the time: but this is of a thing newly created, or reserved out of a thing demised, that was not in esse before.”
 
 (Shep. Touch.
 
 80.) It will be seen, therefore, that a reservation is always of something taken back out of that which is clearly granted; while an exception is of some part of the estate not granted at all. A reservation is never of any part of the estate itself, but of something issuing out of it, as for instance, rent, or some right to be exercised in relation to the estate; as to cut timber upon it. An exception, on the other hand, must be a portion of the thing granted, or described as granted, and can be of nothing else ; and must also be of something which can be enjoyed separately from the thing granted.
 
 (Shep. Touch.
 
 77, 78;
 
 Cunningham
 
 v. Knight,
 
 1 Barb. S. C. Rep.
 
 399;
 
 Starr
 
 v. Child, 5 Denio, 599.)
 

 In view of this distinction, it is plain that there is' in this case no reservation. Ho new interest or right is created or reserved to the grantor, or to any other person, out of or springing from the estate granted. The most which can be claimed is that the right exercised by the defendant, of using the waters of the Walkill for operating a grist mill, was
 
 *314
 
 never conveyed to William Phillips, but was excepted out of the grant to him. Does the clause in question, then, create a valid exception ? It is, as we have seen, essential to every good exception, that the thing excepted be a part of the thing granted, that is, of that which is included in the general description contained in the grant. But here is no exception of
 
 any fart of the estate.
 
 The whole is conveyed, including the right to use
 
 all
 
 the water flowing over the land granted, provided it be used in a certain way, viz. in the fulling, dyeing and dressing of cloth. The object in inserting the clause in question was, not to except out of the grant any portion of the water flowing in the western half of the stream, but to prevent competition in the business of grinding grain. This- is apparent, from the clauáe itself, but is rendered still more evident by reference to the terms of the bond.
 

 This is very different from an exception. It is a mere limitation of the use which the grantee shall make of the thing granted—a naked prohibition. No right to the use of the water is saved to the grantor. This prohibition is inconsistent with the title conveyed by the deed, and is clearly void. If one conveys land in fee simple, and neither excepts any part nor reserves anything to himself out of it but restricts the grantee to a particular use of the land, this restriction is void, as repugnant to the proprietary rights of an owner in fee. Such a restriction may be imposed, and would be good as a condition or a covenant, but in no other form. This is a parallel case.
 

 It has been already shown, that the prohibition in this ease does not amount to a condition. It is, I apprehend, equally clear that it cannot be construed to be á covenant. There are no words which, upon any construction, can be held to import a covenant. It is true, the law will sometimes imply a covenant, where none is expressed, for the purpose of giving effect to the intent of the parties. But the plaintiffs here claim that the prohibition in question was inserted, for the benefit not of the grantor, but of Gabriel N. Phillips, the ancestor. The court then is called upon to imply a covenant in favor of a person not a
 
 *315
 
 party to the deed. There is, I apprehend, no precedent for such an implication.
 

 It is well settled, that an exception or reservation to a third person, not a party to the deed, is void.
 
 (Shep. Touch.
 
 80;
 
 Co. Lit.
 
 47
 
 A ; Moore
 
 v.
 
 The Earl of Plymouth,
 
 3
 
 Barn. & Ald.
 
 66;
 
 Hornbech
 
 v.
 
 Westbrook,
 
 9
 
 John.
 
 73.) The same is true of a condition, in favor of a stranger to the deed.
 
 (Jackson
 
 v.
 
 Topping, 1 Wend.
 
 388;
 
 Co. Lit. 214; Shep. Touch.
 
 120.) It would scarcely be in harmony with these rules to create, by mere legal implication, a restriction by way of covenant, which would be void in any other form. The law will never, I think,* imply a covenant in favor of a stranger to the deed; were it possible in this case, consistently with established rules, to connect the two deeds and bonds together, and construe them all as a single instrument, the conclusion 'might be different. But if that were done, the prohibitory clause could not be held to amount either to exceptions, reservations or conditions, although it would, I am inclined to think, be possible to raise upon them, by implication, mutual .covenants on the part of the grantees, to abide by the terms of the respective restrictions. But construing the deeds separately, as we are obliged to do, it is clear that this cannot be done. The only remedy of-the grantees is upon the bonds.
 

 This conclusion, drawn from the previous reasoning, renders it unnecessary to consider any of the questions in respect to the transfer to Gabriel 1ST: Phillips of the rights supposed to have been reserved by Moses Phillips, because no such rights were reserved.
 

 The claim set up in-the complaint to a right by prescription to the exclusive use of the waters of the Walkill, for grinding grain, is denied by the answer, and is wholly unsupported by the proof.
 

 The judgment of the general term must be affirmed.
 

 All the judges, except Ruggles, who did'not hear the argument, concurred.
 

 Judgment affirmed.