LUCIUS S. WOODWORTH, Appellant, *v.* OREN C. PAYNE, Respondent.

S. conveyed to the trustees of the M. P. church of Fredonia, their successors and assigns, certain premises "for church purposes." The deed contained a condition in substance that, if the seats of any church erected on the premises shall be " rented or sold," the premises shall revert to the grantor or her heirs. In an action of ejectment brought by plaintiff as heir-at-law of S., *held,* that a sale of the premises to an individual, under order of the court, for the purpose of paying the debts of the church society, and a conveyance by deed, containing the same condition, was not a breach of the condition, and did not forfeit the title ; that, in the absence of express terms in the grant, limiting the use of the premises to the grantees, or to any particular denomination of Christians, no such limitation could be implied, and so long as they were not used for other than church purposes, and the seats in the church were not rented or sold, there was no forfeiture ; that a conveyance of the premises was not a sale or renting of the pews within the meaning of the condition, as an interest in a pew was separate from the fee of the land, and a conveyance of the latter did not necessarily interfere with the former.

(Argued March 28, 1878 ; decided June 21, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

This was an action of ejectment brought by plaintiff, as sole heir-at-law of Laura Sellick, deceased, to recover possession of certain premises situated in Fredonia, Chautauqua county. The premises in question were conveyed, in 1861, in trust to the trustees of the Methodist Protestant church of Fredonia, and their successors in office and assigns.

The deed contained this clause : " The above-described land being designed for church purposes, it is understood and agreed that the seats therein shall be forever free, for the use of any and all persons to occupy in the capacity of worship ; but, if the seats of the church to be erected thereon, or any other church thereon, shall be rented or sold, then the

said above-described premises shall revert to the said party of the first part, or her heirs."

The said church society was duly incorporated under the laws of the State. It went into possession and erected a church upon the premises, and occupied it for the purposes of religious worship until June, 1873, when the society having become indebted to defendant, under and in pursuance of an order of the County Court of said county, it sold and conveyed said premises to defendant to pay the debt. The deed contained the same condition as in that from Mrs. Selleck.

*Morris & Russell*, for appellant. The deed from Mrs. Selleck must be read as a specific use and for a specific purpose. (*Williams* v. *Williams*, 4 Seld., 535.) There was such a breach of the conditions of the grant as entitled plaintiff to enter. (*Parmalee* v. *O. and S. R. R. Co.*, 2 Seld., 80; *Gray* v. *Blanchard*, 8 Pick., 284.) No technical words are required to establish a conditional limitation. (*Parmalee* v. *Oswego and Syracuse R. R.*, 2 Seld., 80; 4 Kent's Com., 124, 233; Gerard's Title to Real Estate, 128, 264; *McMahan* v. *N. Y. Central R. R. Co.*, 24 N. Y., 661.) The object of the grant being clearly limited to the use of the Methodist Protestant Church it reverted as soon as the church alienated or abandoned its use for church purposes. (*People* v. *White*, 11 Barb., 28, 29; *Tinkham* v. *Erie R. Co.*, 53 id., 394; *Beach* v. *Nixon*, 5 Seld., 35; *Brown* v. *Evans*, 34 Barb., 594; *Mayor* v. *Stuyvesant*, 17 N. Y., 34.) Words of perpetuity are not necessary to pass a fee. (1 R. S., 748, § 1.) The seats were a part of the church, and passed with it to the grantee. (*Trustees First Baptist Church of Ithaca* v. *Bigelow*, 16 Wend., 28; *Vielee* v. *Osgood*, 8 Barb., 130; *Shaw* v. *Beassridge*, 3 Hill, 26; *Foote* v. *West*, 1 Denio, 544; 2 Bacon's Abr., p. 306, title Breach of Conditions; 8 id., 380; Gerard's Title to Real Estate, 123; *Gilbert* v. *Potter*, 38 N. Y., 165; *Plumb* v. *Tubbs*, 41 N. Y., 443; *Mahon* v. *N. Y. Cent. R. R. Co.*, 29 N. Y., 660; *Hooker* v. *Minden*

*Turnpike Co.*, 12 Wend., 371; *People* v. *Bank of Hudson*, 6 Cow., 217; *Bingham* v. *Wildernaux*, 1 Comst., 509; *DeRuyter* v. *St. Peter's Church*, 3 id., 244.)

*M. T. Jenkins*, for respondent.

MILLER, J. By the original conveyance of Mrs. Selleck, the grantor, the land therein described passed to the Methodist Protestant Church and to its successors and assigns, subject to the condition therein contained, which declared as follows: "The above described land being designed for church purposes, it is understood and agreed that the seats therein shall be forever free for the use of any and all persons to occupy in the capacity of worship; but if the seats of the said church to be erected thereon, or any other church thereon, shall be *rented or sold*, then the said above described premises shall revert to the said party of the first part or her heirs." We think that the condition contained in the grant was not forfeited by the sale for the payment of debts to the defendant. By its terms the use of the premises is not limited exclusively to the grantees or to any particular denomination of Christians. The grant was evidently for church purposes, and beyond this there was no restriction, except that the seats were to be free and should not be rented or sold. If the grantor had intended that the Methodist Protestant Church alone was to enjoy the franchises conferred, it should have so provided in proper and expressive language which would leave no question in regard to her meaning. In failing to do this, it must be conceded that no such limitation was designed or made, and that the grantor intended to leave the subject of a change of a denominational character to those who might enjoy the franchises granted and to the course of events, without any restriction whatever. If by any means the object of the grantor was perverted from the purpose she had in view, or the church used or appropriated it for any secular or irreligious purpose, then a forfeiture would follow the act, and the land revert back to the heirs

of the grantor.   Conditions in grants are not favored in law, and hence they must be clearly expressed.   (*Craig* v. *Wells*, 11 N. Y., 315.)   They are also to be construed with great strictness, because they tend to destroy estates ; and the rigorous exaction of them is a species of *summum jus*, and in many cases hardly reconcilable with conscience.   (4 Kent's Com., 130.)   Nor are they to be sustained by inference or recital.

Having in view these rules there is no valid ground for claiming that there was an abandonment or misappropriation of the property in contravention of the design of the grantor. The authorities to which we have been referred, as to this branch of the case, do not, we think, uphold any such theory. So long as the building was not used for any other or a different purpose than the grant provided, and the seats were free and neither rented nor sold, it cannot be maintained that the grant was forfeited.   The deed to the defendant contains the same condition as the original grant, and he stands in the place of the original grantee, with the same and no other rights, privileges or restrictions.

The plaintiff's counsel also takes the position that the conveyance by the corporation of the fee of the land to the defendant is tantamount to a sale or renting of the pews, and therein works a forfeiture.   The argument is that if the sale of a single pew in the church is a forfeiture, then the sale of the fee of the land and the entire property must, of necessity, constitute such forfeiture.   And, as the greater includes the less, by the sale of the land the seats have been sold, and the right of entry became perfect upon such sale.   No such result necessarily follows, as a logical consequence of a sale of the land for the very same purposes which was secured by the original grant.   The deed does not so provide, and the sale of the whole is not thus restricted.   We think it might properly be made, in accordance with the terms of the grant, and the building used for church purposes, under such a sale, without at all infringing upon or violating the provisions as to free seats.   As the sale was made, and the

·deed executed to the defendant, subject to the very same restriction, the condition still continues in full force, and is in no way impaired or violated. The pews still remain free, and nothing has been done to interfere with or prevent their use and occupation as such, or to convert the property to any other than church purposes; nor do the authorities cited by the appellant's counsel sustain the position contended for, in this respect. The grant contains no provision which prohibits a conveyance of the real estate of a church to an ·individual, and the law does not forbid an individual from holding and owning a church, and renting or allowing the ·same to be occupied and used for religious purposes. So ·long as it is conducted without violating the terms upon which the grant was made no valid reason exists why a forfeiture should be incurred. Until there is such a breach the grant is not affected or impaired, and the rights acquired by the purchase, under the same, cannot be disturbed. He does not hold the franchise, nor does the conveyance of the real estate constitute him a body corporate; but the officers of the corporation, with his assent, may occupy and use it, and conduct it in accordance with the terms of the grant. The fee of the land and the use of the pews are placed on a different footing. The former may be transferred, because such transfer is not forbidden and is not inconsistent with either the purpose or the condition of the conveyance. If the pews are disposed of, the condition is violated, the grant becomes void, and the land reverts as provided. The interest in a pew is separate from the fee, and the owner of the former may maintain an action against a trespasser or any person who infringes upon his rights, and they may be leased and held distinct from the fee. (*Shaw* v. *Beveridge*, 3 Hill, 26; *First Baptist Church of Ithaca* v. *Bigelow*, 16 Wend., 28.) This distinction was recognized by the grantor, and it is not apparent how a subsequent conveyance, upon the same terms, can destroy and render such condition inoperative and of no effect. The doctrine which applies where there is an abandonment by a corporation, by which

there is a reversion of corporate franchises, cannot affect the question here involved, for a corporation may defeat the possibility of a reverter by an alienation in fee of real estate before a dissolution, although there may have been a reverter upon a dissolution, before a conveyance. (*Nichols* v. *Erie R. Company*, 12 New York Reports, 121–130; 2 Kent's Com., 282.)

The evidence introduced for the purpose of showing that, on some occasions, there was a refusal, by persons claiming to hold office, to admit members and others into the church edifice, is not sufficiently explicit and certain to warrant the conclusion that, for that reason, the premises granted had been diverted from their original purpose, and that there was a breach of the condition of the grant. The acts complained of appear to have been the result of a church controversy, and, we think, do not present any valid ground for holding that they created a forfeiture of the grant.

The judgment of the General Term, for the reasons given, should be affirmed.

All concur.

Judgment affirmed.