JAMES H. BENNETT AND COROLLA H. CRISWELL, APPELLANTS, *v.* ANDREW R. CULVER, RESPONDENT.

*Deed — when the right of possession remains in the grantor until the conditions thereof are fulfilled.*

The plaintiff's father conveyed certain real estate to a Cemetery Association in consideration of ten dollars and its agreement to pay to him, his heirs or assigns, the sum of forty dollars for each lot of 400 square feet of land, and in proportion for a larger or smaller lot, which the association should dispose of as a place of burial, and three dollars for every grave opened, until all the land should be sold for cemetery purposes only, the grantor, his heirs and assigns, being entitled to the grass, wood and other produce of the soil of all parts of the land which might remain unsold until all such land should be sold and have interments therein. In case of the non-fulfillment by the Cemetery Association of any of the premises the right of soil to all lots in which no interments had been made was to revert to the grantor, his heirs and assigns.

*Held,* that under the deed the grantor and his heirs were entitled to the possession of the land until the same was sold and interments were actually made therein, and that ejectment might be brought by him or them to recover the possession thereof from a person claiming to hold the same as a purchaser at a sale had under an execution issued upon judgments recovered against the Cemetery Association.

*Woodworth* v. *Payne* (74 N. Y., 196); *Pierce* v. *Keator* (70 id., 419) distinguished.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury.

The action was brought to recover the possession of certain premises formerly belonging to the plaintiffs' father, James A. Bennett, and which had been by him conveyed to the Washington Cemetery Association.

The deed provided, among other things, that "the said party of the first part, for and in consideration of the sum of ten dollars (and the premises hereinafter stated), * * * has granted, bargained, sold, aliened, remised. released, conveyed and confirmed,

and by these presents does grant, bargain, sell, alien, remise, release, convey and confirm unto the said party of the second part and assigns forever all that certain, etc." * * * "Now, the premises above referred to, which are to be deemed part of the consideration to be paid by the party of the second part to the party of the first part, are as follows: That the said party of the second part shall well and truly pay in lawful money of the United States, half yearly from the date of this conveyance, to the party of the first part or his assigns during his lifetime, or to his attorney or agent, assigns, or to his heir or heirs, legatees, executors or administrators after his decease, the sum of forty dollars for each and every lot of four hundred square feet of land, and in proportion for a larger or smaller lot, which the said party of the second part shall dispose of in any manner whatsoever as a place or places for the burial of the dead, and three dollars for each and every grave opening, until all the land described in this deed, or such part of it as may remain after the satisfaction of an existing mortgage thereon, shall be sold for cemetery purposes only; and the said party of the first part, his assigns, heirs or legatees, shall be entitled to the grass, wood, timber and other produce of the soil of all parts of said land which may remain unsold, in conformity to the conditions of this deed, until all such land shall be sold in lots as aforesaid and have interments therein. * * * And it is further agreed that in case of the non-fulfillment by the party of the second part of any of the premises on which this conveyance is given, the right of soil of all lots without interments shall revert to the party of the first part, his heirs, assigns, executors, administrators or legatees, but which reversion shall not prejudice the right of the cemetery or corporation to sell said land in a just and honorable manner, in conformity to said premises, according to the true intent of this conveyance, * * * to have and to hold the above granted, bargained and described premises with the appurtenances unto the said party of the second part and assigns forever in conformity to the premises hereinbefore stated."

The premises were subsequently sold to the defendant under execution issued upon judgments recovered against the Cemetery Association. He was put into possession by the sheriff. Thereafter the plaintiffs brought this action of ejectment.

*Morris & Pearsall*, for the appellants.

*John H. Bergen*, for the respondent.

BARNARD, P. J. :

The deed or writing between James A. Bennett, plaintiffs' father, and the Washington Cemetery did not take the lands in question from Bennett subject to a condition subsequent. Bennett did not thereby part either with the title or with the possession absolutely. By the fair meaning of the instrument the Cemetery Association had the right to sell "for cemetery purposes only" the lands described in the paper. Until actual sale for such purpose, and until the payment of forty dollars for every lot of 400 square feet so sold, and until actual interments were made, the grantor was entitled to possession of the land.

The grant is "in conformity to the premises," which are as above stated. The case, it seems to me, does not, therefore, fall within *Woodward* v. *Payne* (74 N. Y., 196). There the title had absolutely passed but was subject to a reverter if free seats were not kept in a church. The Court of Appeals held that a creditor of the church took by execution sale the right to the land subject to keeping free seats in the church on the land. It was supposed that the purchaser would hire the land to a church with this condition. In this case the creditor claims to take land from the possession of the plaintiff, which he has the right to retain not only until it is sold for cemetery purposes, but until actual interments are made therein.

The case is not similar to *Pierce* v. *Keator* (70 N. Y., 419). There land was sold to a railroad company. The grantor reserved the privilege of cutting the grass on the land unused by the track. The land when sold was subject to a mortgage. At the mortgage sale the railroad strip was reserved. It was held that the privilege reserved by the grantor did not go to the purchaser at the foreclosure sale.

The constitutional provision against fines, quarter sales and like restrictions upon alienation has no relevancy. The plaintiff has an estate in the lands which never passed to the Cemetery Association. The Cemetery Association could not sell it except for a

specific purpose, and could not get possession until that purpose was fixed and certain by actual interment. Then our statute would perpetuate the use. The subsequent sale of the plot is forbidden. (Chap. 419, Laws 1871.) From the facts proven in the case upon the trial the Cemetery Association could not sell the land for other than cemetery purposes. A creditor can get by execution sale no greater right than the cemetery corporation had. The plaintiffs are entitled to the possession of the land until the land is sold for purposes of interment, and until actual interment and until payment of the price at the rate specified in the writing between plaintiff's ancestor and the Cemetery Association.

The judgment should therefore be reversed and a new trial granted, costs to abide event.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.