# City Court.

### *Trial Term—January,* 1887.

## HENRY SCHUMACHER *against* GEORGE REICHARDT.

Construction and effect of condition in deed as to character of buildings to be erected by grantee.

A covenant not to build a rear house is not broken by the erection of a building facing on the side street and having its entrance there. Such a building is not a rear house within the meaning of the covenant.

See Note at end of case in reference to discharging covenants.

The defendant, by written contract dated July 9, 1886, agreed to convey to the plaintiffs, for $50,700, the lots 939 and 941 Second avenue (situated on the northwest corner of Second avenue and Fiftieth street, being 44 feet 4 inches in width on the avenue and 80 feet in depth on the street), covered with three houses, two facing the avenue and one facing Fiftieth street. The plaintiff has declined to take title, alleging as a defect the violation of a covenant contained in a deed from James W. Beekman to Samuel W. Dunscomb, through whom the defendant received title. The covenant provides that the grantee shall not erect or suffer to be erected on the hereby granted premises or any part thereof, any building other than of brick or stone, "nor at any time erect, or cause, procure, permit or suffer to be erected upon the rear of the lot or lots hereby conveyed, or any of them, any building to be used or occupied as a dwelling-house or habitation." A similar covenant is contained in all deeds of property comprised in the Beekman farm, of which the lots in question formed a part, and the right

to enforce the restriction passed, it is claimed, to the adjoining owners, all of whom derived title from the same source. The plaintiff claims that the erection of the building on Fiftieth street violates that portion of the covenant designated by quotation marks, and insists that the title, otherwise good, has by such violation been rendered defective and consequently unmarketable. The action is to recover back the deposit of $1,000 paid on the execution of the contract, with $150, expenses of examining the title.

*Frederick A. Botty,* for plaintiff.

*Frank Schaeffler,* for defendant.

McAdam, Ch. J.—A condition such as can determine an estate, is a provision of a punitive character, secured to the reversioner for the purpose of enabling him to enforce a faithful performance by the grantee of his duties. Failure to perform does not terminate the estate. It only enables the grantor to terminate it if he chooses, as the penalty for the breach. If he does not so elect, the estate continues (Nicoll *v.* N. Y. & Erie R. R. Co., 12 *N. Y.,* 121 ; McMahon *v.* Allen, 35 *N. Y.,* 409 ; Towle *v.* Remsen, 70 *N. Y.,* 312. The adjoining owners cannot sue at common law on the covenant; yet, as it was intended for their benefit, a court of equity would interpose to give them relief by injunction against its infraction (Gilbert *v.* Peteler, 38 *N. Y.,* 168).

The restriction in the deed could only be enforced on the part of Beekman, the grantor, by entry, or by the neighboring owners on their application for a writ of injunction. Beekman has not asserted his right of entry, nor have the neighboring owners attempted to enjoin the erection of the house (long since completed) on the side street, so that, judged in the light of their conduct, neither construes the erection as a violation of the covenant. The lots were unimproved when Beekman conveyed them to

Schumacher *v.* Reichardt.

Dunscomb, and there is nothing in the covenant limiting the depth of the houses to be built by his grantee; so that the claim that the adjoining owners acquired an easement to light and air across the rears of the lots is without basis. The grantee had the right to build over the entire lots without offending against the covenant, which was evidently aimed at the erection of rear tenement houses. This was the objectionable feature sought to be inhibited—nothing more.

The lot in question had a frontage on Fiftieth street, as well as on Second avenue, and as the covenant did not restrict the number or size of the buildings to be erected, the grantee had the right to build on either frontage in the way most advantageous to himself, so long as the houses were constructed of brick or stone; and the three houses answer this requirement. The house on Fiftieth street has its frontage and entrance there, and is not by legal interpretation a rear tenement, but an independent building, having a lot carved out of the purchase appropriated to itself. The grantee has in effect availed himself of his legal right as owner of the fee to cover almost the entire lots with buildings, and as he has not erected a rear tenement, within the meaning of that term as used in the covenant, Beekman has no right of entry for condition broken, nor have the adjoining owners any remedy by injunction.

There is therefore no defect warranting the rejection of the title, and the plaintiff is, consequently, without any cause of action.

Conditions leading to forfeiture or restricting the free use of property for lawful objects are strictly construed, because they tend to impair and destroy estates. They will not be sustained by inference nor unless the plain language of the covenant requires that punitive result (Woodworth *v.* Paine, 74 *N. Y.* 199; see also 64 *N. Y.* 33; 2 *How. Pr. N. S.* 391).

It follows, therefore, that the defendant is entitled to judgment, with costs.

### Release of covenants—distinction between those contained in deed and lease.

The vested rights of an owner of property under a covenant against certain erections by his neighbor, cannot be waived or discharged by the acts of their common grantor (23 *Moak's Eng.* 333, and note). This is upon the principle that where one has parted with his interest in the land, he parts also with all right to or control over the covenants which run with it (*Rawle on Covs.* 359). A release of such covenants, made after an absolute conveyance of the property, would be as ineffectual against the purchaser as a second conveyance of the land itself would be (*Id.* 367).

Where, however, as in the case of a lease containing like covenants, the lessor retains the fee, he may, by virtue of his ownership, release the tenant from the covenants or convey the land to him discharged from them, or the owner of the fee may by express act or by his conduct waive any of the conditions inserted in the lease for his benefit.

### Effect of change of the neighborhood.

Where a court of equity has jurisdiction to enforce the performance of covenants made by owner of land in a city with an adjoining owner, as to the class of erections, etc., and there has been such a change in the character of the neighborhood as to defeat the objects and purposes of the agreement, and to render it inequitable to deprive such owner of the privilege of conforming his property to that character, such relief will not be granted (Trustees of Columbia College *v.* Thacher, 87 *N. Y.* 311).

### Effect of provision as to liquidated damages.

The covenant will be enforced, notwithstanding a provision for liquidated damages in case of breach (Phenix Ins. Co. *v.* Continental Ins. Co., 87 *N. Y.* 400).