Matter of the Will of ANNA M. HEMSTREET, Deceased.

(Surrogate's Court, Madison County, October, 1917.)

Wills — construction  of — devise — gift — villages — power  of  sale —
   General Municipal Law, § 73 — Code Civ. Pro. § 2615.

   A devise and bequest of the home of testatrix with its furnishings to the trustees of a village to be used by it as a general and emergency hospital for the care and treatment of the sick and injured was conditioned upon the village raising each year a certain sum by tax for the general support, care and maintenance of said hospital, with a proviso that in case the home should not be used by the village for the designated purpose, or used at any time for any other purpose, or its officers neglected to carry out the purposes of the devise and bequest, the same should become null and

void, the property sold and the proceeds given to another institution. In a proceeding under section 2615 of the Code of Civil Procedure for the construction of the will, *held*, that in case the gift was accepted by the village and the hospital otherwise established and maintained in a manner prescribed by the will and sufficient money is raised by tax from time to time, which with gifts and revenues derived from other sources will support and maintain said hospital to conform to the true spirit and intent of the will, and it should be clearly unnecessary to that end to raise the sum in any year or years, the failure to raise such sum by tax will not work a forfeiture and nullify the gift.

However, the provision that the devise and bequest should become null and void, etc., is to be considered as the suggestion of testatrix as to the manner, character and extent the hospital is to be maintained, and should it ever become a question of fact as to whether it is being maintained for the purposes and in the manner directed by the will, all the circumstances would have to be considered in connection with the direction in the will as to raising money; otherwise, if the hospital is not in good faith maintained as directed by and for the purposes designated in the will, the property will be forfeited.

Under section 73 of the General Municipal Law, which provides that real and personal estates may be granted and conveyed to the corporation of any city or village of this state to be held in trust for any purpose of education, or the diffusion of knowledge, or for the relief of distress, the village and its trustees have legal capacity to receive said devise and the accompanying bequest for the purposes specified in the will.

A contention that all blacksmith tools, firearms, guns, revolvers, carpenter tools, farming tools and other articles mentioned in the inventory and in the testimony do not belong in the furnishings of the house and that articles obtained and purchased since the making of the will are to be deemed general assets of the estate not specifically bequeathed to the village, upheld.

The direction in the will that the real estate be sold in a certain event, and the proceeds given to another institution, vested a power of sale in the executors, though such power was not specifically given by the will.

Surrogate's Court, Madison County, October, 1917.   [Vol. 101.

PROCEEDING upon the, construction of a will.

George B. Russell, for executors.

John L. Robertson, for village of Canastota and certain heirs at law.

Edwin J. Brown, for Old Ladies Home of Madison County.

SENN, S.   Anna M. Hemstreet of Canastota, N. Y., the testatrix, died on or about the 8th day of June, 1916, leaving a last will and testament, which has been duly admitted to probate. The will, among other things, contains the following:

" *Second.* I give, devise and bequeath, to the Trustees of the Village of Canastota, N. Y. and their successors in office, in trust, for the purpose of creating, establishing and maintaining, under the following terms and conditions and the provisions of this grant and devise, my home situate in the Village of Canastota, N. Y. on the west side of Peterboro St., in said Village, to be used by said Village of Canastota, as a general and emergency hospital for the care and treatment of the sick, which shall be under the supervision of a Board of Managers, the Chairman of which Board shall be a practicing physician and resident of the Village of Canastota, and which shall be at all times open for the reception of the sick and injured, irregardless of age, sex or color, subject to the visitation and inspection on such days as shall be fixed by the Board of Managers to all visitors and by an authorized representative of the State Board of Charities.   Said general and emergency hospital shall be known as the Hemstreet General and Emergency Hospital, named after Dr. Hiram Hemstreet and in commemora-

Misc.] Surrogate's Court, Madison County, October, 1917.

tion of his many years practice as a physician in the Village of Canastota. The Village of Canastota to raise each year by tax for the general support, care and maintenance of said hospital the sum of $1,000 annually and in case said home shall not be used by said Village of Canastota for such purpose as herein mentioned in this bequest and devise, or said Village of Canastota, or its officers shall neglect to carry out the purposes of this devise and bequest, or it shall be used for any other purpose at any other time than as herein specified, then this bequest shall become null and void, the property be sold and the proceeds given to the Old Ladies Home of Madison Co., N. Y.''

'' *Eleventhly.* I give and bequeath to the Trustees of the Village of Canastota, N. Y. and their successors in office in trust, the furnishings now in my home, to be held by them for the benefit of the Hemstreet General & Emergency Hospital, above provided for, together with the medical library, which the late Dr. Hemstreet used, this provision and bequest is subject, however, to such reservations and bequests as I have herein particularly specified as gifts to certain friends, and is given under the following conditions:— That three pictures now hanging upon the wall, one being Dr. Hiram Hemstreet, my late husband, and another Mrs. Hubbard, my mother, the other being my own, I desire that these three pictures remain hanging where they are, properly cared for and kept, and never to be removed therefrom, as a remembrance and a reminder to those who are the recipients of this gift of the donor and that their names may be perpetuated in their memory.''

Pursuant to section 2615 of the Code of Civil Procedure, the surrogate is asked to judicially construe these provisions and especially as to whether a failure to raise the sum of $1,000 by tax every year would

cause a forfeiture and nullify the legacy. On the part of the village of Canastota, it is obviously necessary to be judicially advised in this regard in order to determine whether in view of the conditions imposed it is advisable to accept the property; for even though the people of the village should be otherwise willing to accept the legacy and so assume the responsibility of maintaining a hospital in the manner prescribed by the will, they might hesitate to do so if at any time an adverse vote on the proposition to raise $1,000 would result in the loss of the property.

As usual in such cases this will has its own characteristics and probably has no exact counterpart in any other will. While there are many decisions more or less analogous none of them are precisely in point. Therefore the instrument must be interpreted in the light of those general rules which the courts have from time to time formulated and prescribed for the interpretation of wills.

The first thing to be considered is, what was the intent of the testatrix. It is a very familar and well-settled general rule of law that the intent of the testatrix, if not inconsistent with the law, must govern. The intent must be read from the instrument itself unless by reason of inconsistencies, contradictions or ambiguities this cannot be done. If any provision, otherwise obscure, can be clarified by comparison with the other provisions, this may be done as far as the various parts have any connection or bearing, one to the other. In ascertaining its meaning all the parts of the instrument are to be taken together and no part should be rejected as inoperative if the whole can reasonably stand together.

A clearly manifested intention in any part ought not to give place to a doubtful or ambiguous provision. *Corrigan* v. *Kiernan,* 1 Bradf. 208.

Where a clause in a will bears upon its face two absolutely different and inconsistent intentions, upon one of which the disposition would be void, the court should adopt the other. *Roe* v. *Vingut*, 21 Abb. N. C. 404; affd., 117 N. Y. 204.

The general intention must be carried into effect though it may defeat a particular intent. *Jackson* v. *Veeder*, 11 Johns. 169.

The rule as to special intentions is to give effect to the whole of testator's language expressing his particular intent, provided it is not inconsistent with his general intention, which must govern. *Parks* v. *Parks*, 9 Paige, 119.

A general or primary intention will prevail over a particular or secondary one. *Lovett* v. *Kingsland*, 44 Barb. 560; affd., 35 N. Y. 617.

A secondary intention inconsistent with the primary intention must yield. *Post* v. *Post*, 47 Barb. 89.

If the provision in Mrs. Hemstreet's will that the village is to raise $1,000 by tax annually for the care and maintenance of the hospital is to be considered in the light of a condition, it is a condition subsequent and those are not favored by law.

"As the tendency of conditions subsequent is to defeat estates, the courts are disposed to construe them strictly and they are frequently relieved against in equity. *DeVeaux College* v. *Highlands Land Co.*, 63 App. Div. 461, citing *Woodworth* v. *Payne*, 74 N. Y. 196; *Graves* v. *Deterling*, 120 id. 447; 2 Story Eq. Juris. §1319 *et seq.*"

" Conditions in grants are not favored in law, and hence they must be clearly expressed. (*Craig* v. *Wells*, 11 N. Y. 315.) They are also to be construed with great strictness, because they tend to destroy estates; and the rigorous exaction of them is a species of *summun jus,* and in many cases hardly reconcilable

with conscience. (4 Kent's Com. 130.) Nor are they to be sustained by inference or recital." *Woodworth* v. *Payne,* 74 N. Y. 199.

The foregoing was a case where land was conveyed for the purpose of having a church .erected thereon and for church purposes. It provided as follows: " The above described land being designed for church purposes, it is understood and agreed that the seats therein shall be forever free for the use of any and all persons to occupy in the capacity of worship; but if the seats of the said church to be erected thereon, or any other church thereon, shall be *rented or sold,* then the said above described premises shall revert to the said party of the first part or her heirs." And it was held that a sale of the whole of the church property to a private individual, but on the same conditions as in the original grant, made under order of the court for the purpose of paying an indebtedness, was not a violation of the conditions of the original grant. Also, that a sale of the whole premises was not a sale of the seats, although the seats were included in the sale. That the interest in a pew is separate from the fee and they may be leased and held distinct from the fee. See, also, *Erwin* v. *Hurd,* 13 Abb. N. C. 91.

While conditions subsequent can be imposed without the use of technical words, as they are not favored by law, they must be clearly expressed, and if it is doubtful whether a clause is a covenant or a condition the courts will so construe it, if possible, as to avoid a forfeiture. *Graves* v. *Deterling,* 120 N. Y. 455, citing *Craig* v. *Wells,* 11 id. 315.

Whether the words in a devise are strict common law conditions annexed to an estate, a breach of which will work a forfeiture and defeat the devise, or merely regulations for the guidance of the trustees and explanatory of the terms under which it was intended to

have it managed to the greatest advantage, is a matter to be determined not by any particular expressions in a devise, but by the entire will. *Stanley* v. *Colt*, 5 Wall. 119.

The will of Stanley gave certain real property to a religious corporation and provided that the property should be leased in the manner set forth in the will and never sold. Pursuant to an enabling act of the legislature of the state of Connecticut, where the property was situated, portions of this property were sold, one parcel to the defendant Colt against whom ejectment was brought by the heirs at law of the testator. The Supreme Court of the United States held that the action was properly dismissed, holding that the will simply established a code of regulations to guide the trustees and which would continue for all time; and that this was wholly inconsistent with the idea that the estate might be defeated by a breach of any one of them; that it was a devise in fee upon trust; that the heirs at law could not take advantage of a condition broken, although the *cestui que trust* could compel an observance of the trust by a suit in equity. The court held that there was a condition created by the use of the word " provided," which was an appropriate word to constitute a common law condition in a deed or will, but that this is not the fixed and invariable meaning attached to it by the law and on the contrary it gives way to the intent of the parties as gathered from an examination of the whole instrument.

Many other cases are of like tenor with reference to conditions subsequent, but it seems to be too well settled to require further citation of authorities that such conditions are not favored in law and are as a rule strictly construed and will not be rigidly enforced, at least not by forfeiture, unless they provide in express terms for a forfeiture in case of breach.

Surrogate's Court, Madison County, October, 1917.   [Vol. 101.

Of course, where a devise is in plain and unmistakable words made dependent upon the performance of a condition subsequent, the same will be forfeited in case of a breach.

In my opinion, the will of Anna M. Hemstreet does not in any sense stipulate for a forfeiture in case the village of Canastota should fail to raise the sum of $1,000 annually for the general support, care and maintenance of the hospital.  Indeed, I do not think it provides for such forfeiture either directly or by implication.  She has specifically stated the acts or omissions which will cause a forfeiture, viz.: " and in case said home shall not be used by said Village of Canastota for such purpose as herein mentioned in this bequest and devise, or said Village of Canastota or its officers shall neglect to carry out the purpose of this devise and bequest, or it shall be used for any other purpose at any other time than as herein specified, then this bequest to become null and void, the property be sold and the proceeds turned over to the Old Ladies' Home of Madison County, N. Y."

The will does not state specifically or generally that there is to be such forfeiture in case of a failure to raise $1,000 annually by tax.  It is true that the direction to raise this money is contained in the same sentence in which the causes of forfeiture are stated, and it might be contended that she had it in mind and really meant to say that there was to be a forfeiture in case of a failure to raise a tax.  But such an interpretation would not only be at variance with the words employed, but what is more to the point it is unreasonable to suppose that she meant to provide a forfeiture for a failure to raise the tax annually whether needed or not.  She certainly had the right to make this condition whether we consider it to be reasonable or not, but it is nevertheless to be presumed that she intended to

Misc.]    Surrogate's Court, Madison County, October, 1917.

be reasonable and in case of doubt it is our duty to interpret her words in harmony with that presumption. The purpose of the gift was to create and suitably maintain a hospital for the care and treatment of the sick and injured and to perpetuate and commemorate the name of Hemstreet in the village of Canastota where he had practiced his profession for many years. There was a twofold purpose, one of them benevolent and charitable, and the other to perpetuate a name; two motives, charity and family pride.

It was not one of the purposes of the will to have money raised by tax, but it was intended to provide for the hospital suitable maintenance.  She could not have intended it to be a forfeitable condition for instance, in case that the money should be raised from other sources or by donations or from revenues from paying patients.  She intended to have it maintained as well as $1,000 per annum, in addition to probable revenues, would support it.

My interpretation of the will therefore is that in case the gift is accepted by the village of Canastota and the hospital is otherwise established and maintained in the manner prescribed by the will and sufficient money is raised by tax from time to time, which with gifts and revenues derived from other sources will support and maintain it, to conform to the true spirit and intent of the will, and it should be clearly unnecessary to that end to raise the sum of $1,000 in any year or years, there being sufficient funds for that purpose from whatsoever other source, that then and in that case the failure to raise such sum by tax would not work a forfeiture.  However, the provision in question is not entirely immaterial, but is to be considered as her suggestion as to the manner, character and extent the hospital is to be maintained, and in case it should ever become a question of fact as

to whether the hospital is being maintained for the purposes and in the manner directed by the will and as to whether sufficient money is being provided for that purpose, all the circumstances would have to be considered in connection with. the direction in the will as to raising money. Otherwise, if the hospital is not in good faith maintained as directed by· the will and for the purposes intended and directed the property would be forfeited.

Counsel for the Old Ladies' Home raises the question as to whether the village of Canastota or its trustees have capacity to take property in trust by devise for the purposes set forth in the will. I think this question is effectually disposed of by section 73 of the General Municipal Law, which provides that real and personal estates may be granted and conveyed to the corporation of any city or village of this state to be held in trust for any purpose of education, or the diffusion of knowledge, or for the relief of distress.

I do not think there is any doubt but that the purposes of a hospital are largely for the relief of distress, and so I thing the devise comes squarely within the intent and purview of the section.

Counsel contends that there is a distinction between a grant or conveyance and a devise. There is, to be sure, a technical distinction, but I think it so highly technical that it is a distinction without a difference. I therefore hold that the village of Canastota and its trustees have legal capacity to receive this devise and the bequest accompanying the same set forth in the same will for the purposes specified in the will.

The contention of Mr. Russell, the executor's attorney, that all blacksmith tools, fire arms, guns, revolvers, carpenter tools, farming tools and other articles mentioned in the inventory and in the evidence do not belong to the furnishings in the house and that the

articles mentioned in the evidence of Mrs. Van Valk-
enberg as having been obtained and purchased since
the making of the will, are to be deemed general assets
of the estate not specifically bequeathed to the village
of Canastota under the will, is upheld.   Mr. Russell
asks me also to hold that the direction in the will that
the real estate be sold (in a certain event) and the
proceeds given to the Old Ladies' Home of Madison
County gives a power of sale to the executors, al-
though the power is not specifically conferred in the
will.   I think this is correct and so hold.   It was held
in *Meehan* v. *Brennan,* 16 App. Div. 395, that a power
of sale may be implied by words prescribing that there
is to be a sale even though, as in that case, no executor
was named and it did not state by whom the direction
to sell was to be carried out and that administrators
with the will annexed were empowered to execute the
sale.

A decree construing the will in accordance with the
foregoing opinion may be prepared.

Decreed accordingly.