The Trustees of Calvary Presbyterian Church of Buffalo, Respondent, *v.* George P. Putnam and Others, Appellants.

Fourth Department, November 2, 1927.

**Deeds — condition subsequent — in 1893, thirty-one years after deed was given all heirs of grantor released to grantee — present heirs have no right of re-entry.**

In 1862 property was conveyed to the plaintiff by a deed containing a condition that the premises should be forever used for religious purposes and that in case of the violation of that condition the grantor or his heirs might re-enter the premises. The grantor died in 1864, and in 1893, thirty-one years after the deed was given, all the living heirs of the grantor delivered a quitclaim deed to the plaintiff which purported to release the premises absolutely from the conditions contained in the deed by the grantor. The quitclaim deed had the effect of releasing the plaintiff from the performance of the condition and is binding upon any subsequent heirs who may be such at the time the condition may be broken.

Appeal by the defendants, George P. Putnam and others, from a declaratory judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of Erie on the 20th day of May, 1927, as amended by an order entered in said clerk's office on the 25th day of May, 1927, adjudging that the defendants have no interest in or claim upon certain real estate conveyed to the plaintiff by George Palmer on July 1, 1862.

*Love & Keating* [*George P. Keating* of counsel], for the appellants George P. Putnam and others.

*Wellman, Smyth & Scofield* [*Frederick C. Scofield* of counsel], for the appellants Wilfred M. Palmer and another.

*Mitchell & Staples* [*Charles J. Staples* of counsel], for the respondent.

TAYLOR, J.    July 1, 1862, George Palmer and wife conveyed to the plaintiff by deed real estate in the city of Buffalo.   The conveyance was upon two conditions, one being that the premises should be forever used for religious purposes.   The deed provided that if at any time the plaintiff should fail to perform the conditions, the grantor or his heirs might re-enter the premises.   Palmer died in 1864.

On August 7, 1893, all the living heirs at law of George Palmer executed and delivered to the plaintiff a quitclaim deed, which purported to release the premises absolutely from the conditions contained in the deed of July 1, 1862.   This action was brought in April, 1926, to obtain a judgment declaratory of the rights and relations of plaintiff and the then heirs of George Palmer in regard to the real property conveyed.   The defendants raised no issue of fact, but claim the right of re-entry, notwithstanding the quitclaim deed of August 7, 1893.   The Special Term granted judgment to plaintiff and defendants have appealed.

The question which squarely arises is whether all the heirs of the original grantor, by their quitclaim deed to the original grantee before condition broken, could transform plaintiff's title into one in fee simple absolute; or whether they could merely agree to do so in case of condition breached during their lifetime.   Did heirs in being at any time before condition breached merely constitute a conduit through which, after breach of condition subsequent, flowed the right of re-entry in favor of heirs existing at that time?

Another thing which might have occurred in connection with this title is interesting.   Instead of obtaining a quitclaim deed, suppose the respondent, by collusion or arrangement with the existing heirs or otherwise, had deliberately done or omitted to do some act, as a result of which the condition as to the church use of the property would have been in law breached; that then the

existing heirs had made re-entry, and thus obtained the absolute title which their ancestor Palmer originally had; that then these heirs had deeded the property to this respondent in fee simple absolute. Unquestionably, in this way, the same thing might have been easily accomplished which the heirs-existent intended and attempted to bring about by the quitclaim deed under consideration. And while what might have been thus done has no bearing upon the legal effect of what actually was done, it may have some bearing upon the advisability at this time of holding for naught the action of the heirs in 1893.

Concededly, there is no statute dealing with the scope and effect of this quitclaim deed; the case is, therefore, governed by the principles and rules of the common law. We find no authority exactly in point; but some pertinent common-law principles are as follows:

1. Conditions subsequent are not favored in the law and are construed strictly because they tend to destroy estates. (4 Kent Comm. 129; *Woodworth* v. *Payne,* 74 N. Y. 196; *Munro* v. *Syracuse, L. S. & N. R. R. Co.,* 200 id. 224.)

2. In the case of a grant upon condition subsequent, the grantee takes — not title in fee simple absolute — but only a base or determinable fee; however, nothing remains in the grantor or his heirs except the right to take advantage of a breach of the condition — a mere possibility of reverter, which is neither an estate nor an interest in real property, nor an assignable nor a devisable chose in action, nor a possibility coupled with an interest, but a bare possibility alone. (*Nicoll* v. *N. Y. & E. R. R. Co.,* 12 N. Y. 121; *Fowler* v. *Coates,* 201 id. 257.)

3. Upon the death of the grantor of an estate upon condition subsequent, his heirs succeed to his right of re-entry for condition broken by force of representation and not by descent. (*Upington* v. *Corrigan,* 151 N. Y. 143.)

4. The law prohibits the assignment of the right of re-entry to a stranger (*Towle* v. *Remsen,* 70 N. Y. 303; *Nicoll* v. *N. Y. & E. R. R. Co., supra,* and authorities cited), but favors its release to the owner of the fee. (*Miller* v. *Emans,* 19 N. Y. 384.) There can be no assignment to a stranger — not only because such a conveyance would tend to promote maintenance, as some of the older authorities state it — but because a right of re-entry which may possibly exist in the future is not an estate or property right capable of being conveyed. The right is also " said to be unassignable for great reasons of public policy." (*People* v. *Wainwright,* 237 N. Y. 407.)

5. While the grantor cannot assign his right of re-entry to a

stranger, he can put an end to his own right of re-entry by a release or deed to his grantee or a conveyance to any other person, which is inconsistent with the original grant. (*Berenbroick* v. *St. Luke's Hospital,* 23 App. Div. 339; appeal dismissed, 155 N. Y. 655; *Southwick* v. *N. Y. Christian Missionary Society,* 151 App. Div. 116; affd., 211 N. Y. 515.)

6. The grantor may release his right of reverter to his immediate (or a subsequent) grantee before condition broken. (Fowler Real Prop. [2d ed.] 313; 2 Washb. Real Prop. [4th ed.] chap. 14, § 26; 10 R. C. L. 653.)

7. A release to the owner of the fee is valid (with certain exceptions not material here) provided it is a release of something which is in *esse;* a rule precisely analogous to that which holds that a thing to be sold is essential to a sale. (*Miller* v. *Emans, supra.*)

Heirs who might be existent after breach subsequent to the grantor's death could have no vested estate when the original grant was made; nor have they an "expectant estate." "'They [expectant estates] include every present right and interest, either vested or contingent, which may by possibility vest at a future day,' yet they do not include the mere possibility of a reverter, which the grantor has after he has conveyed in fee on condition subsequent." (*Nicoll* v. *N. Y. & E. R. R. Co.,* 12 N. Y. 121, 133, citing *Lawrence* v. *Bayard,* 7 Paige, 76.) Before breach any heir has not a "right of reverter," but only a "possible right of reverter." He has, however, all the rights and privileges appertaining to his heirship, and all the property rights which formerly belonged to his ancestor, the grantor. (*Upington* v. *Corrigan, supra.*) One of those privileges of the ancestor is the right to release his possible right of reverter to his grantee before breach of condition.

In accordance with the settled policy of the law in this State that the transfer of real estate titles should be to every reasonable extent untrammeled, we believe that this judgment should be sustained. The right of re-entry is probably not open to the objection that it violates the rule against perpetuities. It may be true, as stated (obiter) in *Proprietors of the Church in Brattle Square* v. *Grant* (3 Gray [Mass.], 142), a case dealing with a conditional limitation, that "the grant or devise of a fee on condition does not therefore fetter and tie up estates, so as to prevent their alienation, and thus contravene the policy of the law which aims to secure the free and unembarrassed disposition of real property." But is the disposition of this estate "free and unembarrassed?" With this condition subsequent incumbering the title — the respondent-grantee holding a determinable fee only — title absolute may

be held in the air for hundreds of years, perhaps forever. The marketability of the title is seriously impaired. The law is opposed to conditional or limited ownership and favors absolute enforcement. "The rigorous exactment of them [conditions in grants] is a species of *summum jus*, and in many cases hardly reconcilable with conscience." (*Woodworth* v. *Payne, supra.*)

All reasons for requiring that this possibility of reverter should be kept longer in existence, or that the property should continue longer to be used for the purpose specified sixty-five years ago by the ancestor-grantor, are less important than that the absolute title should be somewhere. It is also to be considered that an affirmance will place the title in fee simple where all the heirs of the grantor in existence thirty-one years after the property was conveyed wanted the title to be in the grantee to which their ancestor originally conveyed. We believe it to be in accord with good policy to hold that this case was correctly decided by the learned trial court.

The declaratory judgment appealed from should be affirmed, with costs to respondent.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order affirmed, with costs.